IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-1652
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE WAYNE HOLLOWAY and
EDWIN L. HINES,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Northern District of Texas
_____

( August 26, 1993 )

Before JOHNSON, JOLLY, and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Steve Wayne Holloway and Edwin L. Hines were convicted for committing a series of armed robberies. Hines appeals only his sentence. Holloway appeals both his conviction and his sentence. We conclude that the district court did not err in sentencing Hines and therefore affirm his sentence. We further conclude, however, that the district court committed reversible error in denying Holloway's motion for severance of offenses--the robberies on the one hand and, on the other, the possession of a weapon two months after the robberies. We therefore reverse Holloway's convictions and remand for a new trial on all counts.

I

Between October 30, 1991 and December 9, 1991, five robberies were committed at food stores in the same area of Fort Worth, Texas. The first robbery involved three robbers. The last four involved only two robbers. During each robbery, the robbers ordered the store employees and others inside the store to lie down on the floor; they then took cash and cartons of cigarettes from the stores.

Almost two months after the last robbery occurred, officers arrested Holloway and Hines based on identifications made by victims of the robberies. When Holloway was arrested, officers found a firearm in his possession. The firearm was a .25 Raven, a small weapon that fits in one's back pocket.

On February 26, 1992, Holloway and Hines were indicted on charges of (1) conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951; (2) aiding and abetting and interfering with commerce by robbery in violation of 18 U.S.C. § 1951; and (3) aiding and abetting and knowingly carrying and using a firearm during and in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c) ("the robbery charges"). In addition, Holloway was indicted on an additional count as a felon who knowingly and unlawfully possessed a firearm in violation of 18 U.S.C. § 922(g)(1) ("the weapons charge").

Holloway moved for severance of the weapons charge, arguing that pursuant to Rule 14 of the Federal Rules of Criminal Procedure the joinder of this offense with his robbery offenses would

prejudice him at trial. The district court, however, denied Holloway's motion for severance and thus Holloway proceeded to trial on the robbery charges as well as the weapons charge. After the government had presented its witnesses regarding the robbery charges, Holloway stipulated that he was a convicted felon and pled guilty to the weapons charge, a tactical move to prevent the government from presenting evidence of his previous criminal record, which was relevant only for that charge. The remaining counts therefore involved only the robberies. Holloway then testified in his own defense that he had not committed any of the robberies. During cross-examination, the government offered evidence of the weapons conviction to which Holloway had just pled guilty. The district court permitted the government to explore the conviction, stating that it shed light upon Holloway's "nature." The district court later stated--without reasons--that the conviction had "some relevance" under Rule 404(b) of the Federal Rules of Evidence. The jury convicted Holloway on five counts, but acquitted him on two. Hines, however, was convicted on all counts.

Although the government had not adduced evidence at trial connecting Holloway to the robbery charges for which he was acquitted, at the sentencing hearing the district court allowed the government to present evidence of Hines's unsworn statements, given to police soon after his arrest, that Holloway had participated in that robbery. Under cross-examination, however, Hines testified that this assertion was not true; he had just told the police what

they wanted to hear.  Hines also testified that he had made the statement when he was suffering from heroin withdrawal and that he actually did not know whether Holloway had been involved in the robbery.

No other evidence connected Holloway to the robbery of which he was acquitted; the district court found, however, that Holloway had been involved in the robbery and considered it for sentencing purposes.  Because of this factor, almost eleven years were added to Holloway's sentence.  Furthermore, in sentencing Holloway and Hines pursuant to their convictions for violating 18 U.S.C. § 924(c), the district court enhanced their sentences based on a second conviction obtained in the same trial.  Both Hines and Holloway appeal.

                              II

On appeal, Hines raises only one issue before this court, which is also one of the issues Holloway raises:  Whether the district court erred in applying 18 U.S.C. § 924(c) in sentencing them.[1]  In United States v. Deal, 954 F.2d 262 (5th Cir. 1992), we held that a "second or subsequent conviction" within the meaning of § 924(c) can result from the same indictment as the first conviction.  Our opinion was recently affirmed in Deal v. United States, ___ U.S. ___, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993).  The

_____

[1]Under 18 U.S.C. § 924(c), in the case of a second or subsequent conviction under this section a defendant "shall be sentenced to imprisonment for twenty years."

district court therefore did not err in enhancing Hines's and Holloway's sentences based on two convictions under § 924(c) obtained pursuant to one indictment. Accordingly, Hines's sentence is affirmed. We now turn to address the issues raised by Holloway.

III

A

Holloway argues that the district court erred in failing to sever Count 12, the weapons charge, which charged Holloway, as a felon, with possession of the weapon found on him at the time of his arrest--some two months after the robberies had occurred. Rule 8(a) of the Federal Rules of Criminal Procedure provides the following:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Rule 14 provides that if it appears that a defendant is prejudiced by a joinder of offenses, the court may order a separate trial of the counts. We review the district court's denial of a motion for severance for abuse of discretion. United States v. Stouffer, 986 F.2d 916, 924 (5th Cir. 1993). Furthermore, the district court's decision will not be reversed unless there is clear prejudice to the defendant. United States v. MacIntosh, 655 F.2d 80, 84 (5th cir. 1981), cert. denied, 455 U.S. 948 (1982). In reviewing the district court's denial of a motion to sever, "the preliminary

inquiry is whether, as a matter of law, initial joinder of the counts was proper" under Rule 8(a).  United States v. Forrest, 623 F.2d 1107, 1114 (5th Cir.), cert. denied, 449 U.S. 924 (1980).

B

Holloway argues that the mere possession of a weapon when one is arrested, which is unrelated to the crime for which he is arrested, is not a charge that is of "the same or similar character" as the commission of the underlying offense. Furthermore, Holloway argues that the government's allegation that he possessed a weapon nearly two months after the last alleged robbery occurred is not "based on the same act or transaction" as any of the robberies; nor can it be said to constitute part of "a common scheme or plan" connected to the earlier completed robberies.

Holloway points out that on the face of the indictment there is no indication that a connection exists between his possession of the weapon and the alleged robbery conspiracy.  Furthermore, there is no allegation that he had planned to use the weapon in a robbery, had used the weapon in a robbery, or that the weapon was in any way connected to the charged robberies or to any robbery. Indeed, Holloway asserts that it is an unchallenged fact that the weapons charge in Count 12 was not remotely related to any of the charged robberies.

The government first attempts to counter Holloway's argument by noting that Rule 8(a) is broadly construed in favor of initial joinder. It is the government's position that all counts of the indictment were properly joined under Rule 8(a) and, furthermore, that there was no prejudice that would warrant a severance under Rule 14. The government also argues that Holloway has failed to preserve this alleged error for appeal purposes: First, Holloway's pretrial motion for severance of counts, which was overruled by the district court, referred only to Rule 14 but did not allege misjoinder under Rule 8(a). Second, Holloway did not renew his motion for severance at the close of the government's case and at the conclusion of all of the trial testimony, and consequently he has waived his right to appeal any alleged error.

D

After reviewing the arguments of Holloway and the government, we conclude that the district court abused its discretion by not severing the weapons charge.[2] Plainly speaking, we can see no basis for the United States Attorney to have included this weapons

---

[2]We quickly dispose of the government's arguments that Holloway has not preserved this issue for appeal. First, in reviewing a Rule 14 motion to sever, the district court must first determine whether the claims were improperly joined under Rule 8(a). United States v. Davis, 752 F.2d 963, 971 (5th Cir. 1985). The fact that Holloway's motion to sever did not specifically refer to Rule 8(a) is of no advantage to the government. Second, a defendant is not required to renew a severance objection at the close of the evidence to preserve the error. United States v. Stouffer, 986 F.2d 916, 924 n.7 (5th Cir. 1993).

charge in the indictment in the first place unless he was seeking to get before the jury evidence that likely would be otherwise inadmissible, i.e., that Holloway was a convicted felon and that he had a weapon on his person when arrested. Rule 8(a) specifically states that offenses may be charged in the same indictment when they (1) are of the same or similar character or (2) are based on the same act or transaction or (3) are connected together or constitute parts of a common scheme or plan. Even the government does not contend that the weapon found in Holloway's possession when he was arrested was the weapon used in the robberies. Furthermore, Holloway's arrest took place almost two months after the most recent robbery. Thus, we can see no basis for the conclusion that this count of Holloway's indictment was the same as the robbery counts, or that it was based on the robberies, or that it was part of a common scheme or plan involving the charged robberies.

Apparently recognizing this clear failure of a connection between the charges, the government devotes its attention to arguing that Holloway was not prejudiced at trial by the misjoinder. We disagree.

To demonstrate that the district court abused its discretion, Holloway bears the burden of showing specific and compelling prejudice that resulted in an unfair trial. United States v. Chagra, 754 F.2d 1186, 1188 (5th Cir.), cert. denied, 474 U.S. 922 (1985).

We first note that evidence of a prior conviction has long been the object of careful scrutiny and use at trial because of the inherent danger that a jury may convict a defendant because he is a "bad person" instead of because the evidence of the crime with which he is charged proves him guilty. United States v. Singleterry, 646 F.2d 1014, 1018 (5th Cir. 1981). After the district court denied Holloway's severance motion, Holloway proceeded to trial under his original indictment, which included the charge that he was a convicted felon in possession of a weapon. From the outset of the trial -- because of the inclusion of the weapons charge -- the jury was repeatedly informed that Holloway was a convicted felon. During voir dire, the district court explained to the potential jurors the charges against Holloway; during the course of these explanations, the fact that Holloway was a convicted felon was twice mentioned to the jury by the district court. After the jury was selected, the indictment was read; Count 12 of the indictment again included the fact that Holloway was a convicted felon. During the government's opening statements, the jury was once again informed that Holloway was a convicted felon who possessed a weapon when he was arrested for the robberies. Even during Holloway's own opening statements, his attorney was forced to refer to the fact that Holloway was a convicted felon before arguing that the weapon found on Holloway when he was arrested had nothing to do with the robberies. Thus, before the jury ever received the first bit of evidence connecting Holloway to

the crimes with which he was charged, it had heard no less than four times -- from the judge, from the prosecutor, and even from Holloway's own attorney -- that he was a convicted felon, something that never would have occurred if the weapons charge had been severed.

The government counters by arguing that evidence of Holloway's previous conviction would have been admitted pursuant to Federal Rule of Evidence 609 even if the weapons charge had been severed;[3] therefore, Holloway could not have been prejudiced. The government's argument is premised on the fact that Holloway testified at trial. If Holloway had been on trial only for the robbery charges, we cannot accept as a foregone conclusion that he would have chosen to testify; instead, Holloway could have elected to rely on weaknesses of witness identifications in the government's case and on vigorous cross-examination of the government's witnesses, as there was no physical evidence linking Holloway to the robberies. Since Rule 609(a) permits the use of a prior conviction for the impeachment of a defendant's testimony, by opting not to testify Holloway could have precluded the government from introducing the evidence that he was a convicted felon who had a weapon on his person when arrested. Even assuming, however, that Holloway would have testified in either event, had the weapons

---

[3]Federal Rule of Evidence 609(a) provides that evidence that the accused has been convicted of a crime may be admitted for the purpose of attacking the credibility of the accused.

count been severed, the fact that Holloway was a felon would not have been repeated and repeated to the jury, nor is it likely that his possession of the gun would have been admissible.

We thus conclude that this remote weapons charge should never have been joined with the other counts of Holloway's indictment in the first place. Second, by failing to sever the weapons charge with the robbery charges, the jury emphatically was told that Holloway was a bad and dangerous person "by his very nature", and that a felon who carried a gun was just the sort of character who was most likely to have committed the robberies charged in the indictment. In short, Holloway was unjustifiably tried, at least in part, on the basis of who he was, and not on the basis of the material evidence presented against him.

Finally, we cannot say that the evidence against Holloway was so overwhelming that the jury was not unfairly influenced by the fact that they were judging a felon and by the fact that he was the type of person who would carry a weapon. We therefore conclude that the inclusion of this count did indeed prejudice Holloway and resulted in an unfair trial.[4] In view of the prejudice to Holloway, the district court's denial of Holloway's motion for

_____

[4]We note that if the weapons charge had been related to the robbery charges, initial joinder would have been proper and our conclusion in this case would have been different, as this court has previously held on several occasions that a district court may properly refuse severance even though proof of one of the counts requires proof of a prior felony conviction. See Breeland v. Blackburn, 786 F.2d 1239, 1241 (5th Cir. 1986).

severance constitutes an abuse of discretion.  Accordingly, we reverse Holloway's convictions and remand for a new trial.

IV

In conclusion, we AFFIRM the district court's sentencing of Hines.  Because we reverse Holloway's conviction based on the misjoinder of the weapons offense, we need not reach his other arguments raised on appeal.  We only hold that the district court should have granted Holloway's motion for severance, and its failure to do so was an abuse of discretion.  We therefore REVERSE Holloway's convictions and REMAND for a new trial on all counts.

AFFIRMED in part;
REVERSED and REMANDED in part.