IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-21203

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVON TODD McCARTER,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

December 26, 2002

Before HIGGINBOTHAM, DUHÉ, and DeMOSS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Stevon Todd McCarter appeals his conviction for conspiracy to possess and possession with intent to distribute more than five kilograms of cocaine. He argues that the district court abused its discretion in refusing to sever his felon-in-possession of ammunition charge from the drug counts, in admitting evidence of an extraneous offense, and in not instructing the jury that, to convict McCarter, it had to find that he knew that he was stealing more than five kilograms of cocaine. Because we conclude that the trial court abused its discretion in failing to sever the felon-in-possession charge from the drug counts, we vacate McCarter's

conviction and sentence and remand for a new trial, and need not reach McCarter's other objections.

## I

This case involves an elaborate sting operation resulting in the arrest of several individuals for conspiring to steal money and cocaine from persons whom they believed to be drug couriers. There was evidence at trial that McCarter and a co-defendant, Edward Russell, were part of a conspiracy involving confidential informant Phyllis Conner, who was cooperating with the DEA in an investigation of drug traffickers. The DEA developed a plan to determine if Russell was interested in stealing drugs and money. As instructed, Conner told Russell that some people she knew were traveling from Louisiana to buy drugs. They then proceeded to plan a robbery of the drug couriers' money and the drugs they were to purchase.

On January 7, 1999, the night of the planned sting, DEA agents placed an ice cooler containing six kilograms of cocaine and $90,000 in cash inside a motel room with Conner. Conner telephoned Russell, explaining that the drug couriers were at the motel and that she would lure them from the room and leave a key under her car so that Russell and his associates could enter the room and take the cooler. Conner and Russell talked several times. During one of their conversations, Conner confirmed that the "money and food," meaning the cash and drugs, were in the motel room in an ice

2

cooler.  It was also in one of these conversations that Russell first told Connor that "Cash," as McCarter was called, was to be involved in the robbery.

McCarter and Russell arrived at the scene of the crime in a black Volvo, with McCarter at the wheel.  Co-conspirators Eric Bradley and William Ballard arrived in a maroon Camaro.  Bradley and Ballard entered the motel room and returned to the Camaro with the cooler of cash and cocaine.  As the two cars were exiting the parking lot, agents stopped them and arrested all four men.  No drugs or weapons were found on McCarter or in his car, but a box of ammunition was found under the driver's seat.  Six days later, agents executed a search warrant at a residence where McCarter periodically stayed and found a shotgun in a closet.

On February 1, 1999, McCarter was charged along with Russell and Bradley in a two-count indictment with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and with possession with intent to distribute in excess of five kilograms of cocaine.[1]  Two months later, the government obtained a superseding indictment adding felon-in-possession of ammunition and shotgun counts against McCarter.  Shortly after, McCarter filed a motion to sever the felon-in-possession counts.  The district court severed the shotgun count but refused to sever the ammunition

---

[1] The final superseding indictment in this case named Ballard as a defendant in this case.

3

count for trial with the shotgun count. The government subsequently dismissed the shotgun count.

The trial was held in July 1999. McCarter's defense at trial was that he believed the plan involved only the theft of money and that there was no evidence he agreed to participate in the theft of drugs or the possession of drugs. McCarter and Russell were convicted on the conspiracy and cocaine possession counts, but McCarter was acquitted on the felon-in-possession count. The district court denied McCarter's motion for a judgment of acquittal, but granted his motion for a new trial.[2] On appeal, this court reversed the district court's order for a new trial and remanded with instructions that the jury's verdict of guilty be reinstated. At sentencing, McCarter received concurrent twenty-year sentences of imprisonment and a term of supervised release.[3]

## II

McCarter contends that the district court abused its discretion in denying his motion to sever the ammunition count from the drug counts, because knowledge of his prior felony conviction for burglary prejudiced the jury against him on the drug counts.[4]

---

[2] *United States v. McCarter*, No. 99-20920 (5th Cir. Feb. 23, 2001) (unpublished).

[3] Both McCarter and the government filed timely notices of appeal, but after McCarter filed his brief, the government moved to dismiss its cross-appeal.

[4] Although this court's earlier opinion suggested that McCarter waived the issue of severance by not raising it in his motion for new trial, that issue was not properly before the court

4

McCarter does not dispute the propriety of the counts' initial joinder, but rather focuses on the correctness of the court's refusal to separate the counts in the interest of justice.[5]

The district court denied McCarter's motion to sever because it concluded that the ammunition count and drug counts arose from the same transaction and therefore the government was entitled to try them together. The court did limit the form of the evidence of McCarter's felony status to the reading of a stipulation to the jury that he had been convicted of the felony offense of burglary. The court also told the jury to consider the evidence only in regard to the felon-in-possession count.

### III

Federal Rule of Criminal Procedure 14 allows "separate trials of counts ... or ... whatever other relief justice requires" if the court concludes that a defendant may be prejudiced by a joinder of offenses.[6] We review the district court's denial of a severance for abuse of discretion, and such a decision will not be reversed "unless there is clear prejudice to the defendant."[7] McCarter urges that the district court abused its discretion in ignoring the

---

at that time. In this appeal, the government does not contend that there is any reason the issue of severance is not properly before this court.

[5] FED. R. CRIM. P. 14.

[6] *Id.*

[7] *United States v. Holloway*, 1 F.3d 307, 310 (5th Cir. 1993).

5

danger that the jury would infer guilt on the drug counts because of his prior felony conviction, and that the district court's decision was particularly devastating to his defense that he did not know the cooler contained drugs.

We have long recognized the obvious dangers inherent in trying a felon-in-possession count together with other charges, as it acts as a conduit through which the government may introduce otherwise inadmissible evidence of the defendant's prior convictions, thereby potentially tainting the reliability of the verdict rendered by the jury on the other counts. For this reason, "'evidence of a prior conviction has long been the subject of careful scrutiny and use at trial' because of the danger that the jury might convict, not based on the evidence, but because it feels that the defendant is a 'bad person.'"[8] Although the potential for prejudice resulting from introduction of prior crimes evidence in connection with a felon-in-possession charge may be lessened by limiting instructions, a proper inquiry into the propriety of trying the felon count together with the other charges requires examining not only the efficacy of the limiting measures taken by the trial court, but also the strength of the evidence of the defendant's guilt.[9] In

---

[8] *United States v. Singh*, 261 F.3d 530, 534 (5th Cir. 2001).

[9] *Holloway*, 1 F.3d at 312 (looking to whether the evidence proffered at trial was overwhelming as to the defendant's guilt); *see also United States v. Nguyen*, 88 F.3d 812, 816-17 (9th Cir. 1996) (reasoning that "the strength of the evidence against the defendant and the nature and efficacy of the methods employed to guard against prejudice" should be evaluated in determining whether

6

certain cases, the translucency of the government's ill motive for adding the felon-in-possession count is also a factor in determining whether severance was warranted.[10]

Here, the district court provided the following limiting instruction in its jury charge:

> Defendant Stevon Todd McCarter and the government have stipulated that he was previously convicted of a burglary, a felony. This conviction was brought to your attention only because it is an element of the offense charged in Count Three. The fact that Mr. McCarter was previously convicted of a felony does not mean that he committed any offense for which he is on trial today, and you must not use this prior conviction as proof of the offenses charged in the indictment except with respect to the second element of Count Three.

Although juries are generally presumed to have followed jury instructions, we recognize that, oftentimes, "[t]o tell a jury to ignore the defendant's prior convictions in determining whether he ... committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capabilities."[11] Nevertheless, in certain circumstances we have

---

a district court abused its discretion in denying a motion to sever a felon-in-possession count).

[10] *See, e.g.*, *Holloway*, 1 F.3d at 310; *United States v. Jones*, 16 F.3d 487, 492 (2d Cir. 1994).

[11] *Daniels*, 770 F.2d at 1118; *see also Jones*, 16 F.3d at 493 (reasoning that although "jurors are presumed to follow instructions from the court," it "would be quixotic to expect the jurors to perform such mental acrobatics" in cases in which felon-in-possession counts are joined with other counts).

found similar limiting instructions to be sufficient to cure prejudice.[12]

McCarter urges that, given the scant evidence of his knowledge that cocaine was in the cooler, the jurors likely disregarded the instruction and convicted him on account of their knowledge of his prior conviction. The evidence on the record is legally sufficient to support the jury's finding that McCarter knew the contents of the cooler,[13] but it is thin. The government introduced no testimony showing that McCarter had been informed by any person that the robbery might involve drugs as well as money. Rather, the evidence of his knowledge was circumstantial, centering on the fact that McCarter communicated with Russell several times on the day of the robbery, that McCarter was with Russell during some of Russell's phone conversations with Conner on the day of the robbery, and Conner's testimony that McCarter was the "engineer" of the robbery and was someone with "experience" conducting this type of crime. Although it was not unreasonable for the jury to infer that, as one of the planners, McCarter knew that the robbery could

---

[12] *See, e.g.*, *United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) ("Bullock cannot show that he was prejudiced by the failure to sever the counts, as the court admonished the jury that it could consider Bullock's prior felony conviction only in connection with the firearm count. Any possible prejudice could be cured with proper instructions and juries are presumed to follow their instructions. Therefore, the jury instructions were sufficient to cure any possible prejudice.").

[13] *United States v. McCarter*, No. 99-20920 (5th Cir. Feb. 23, 2001) (unpublished).

involve drugs, "we cannot say that the evidence against [McCarter] was so overwhelming that the jury was not unfairly influenced by the fact that they were judging a felon."[14]

McCarter also urges that the government's motive in adding the felon-in-possession count was improper. He contends that although the government knew as of his arrest on January 7, 1999, that he was a convicted felon and that ammunition was found in the vehicle, and knew six days later that a shotgun was found in a residence where he periodically stayed, the initial indictment returned on February 1 alleged only conspiracy to possess and possession with intent to distribute over five kilograms of cocaine. On March 5,

---

[14] *Holloway*, 1 F.3d at 312; *see also United States v. Singh*, 261 F.3d 530 (5th Cir. 2001). In *Singh*, the defendant was charged with harboring illegal aliens for commercial advantage and with being a felon in possession of a firearm; he was acquitted on the firearm count and convicted of harboring. *Id.* at 533. During the course of the trial, the jury learned of Singh's prior felony conviction, for unlawful possession of food stamps. On appeal, Singh argued that the counts were unrelated and therefore improperly joined, and that this improper joinder harmed him at trial because evidence of his past conviction and evidence of his involvement with firearms unduly prejudiced the jury against him and resulted in his conviction for harboring. *Id.*

In determining whether the trial court abused its discretion in denying Singh's motion for severance, we reasoned that the evidence could have prejudiced the jury on an important issue: whether Singh knew that the immigrants he had hired were working illegally. *Id.* at 534. Singh denied such knowledge, but the fact of his prior conviction, coupled with his participation in firearm transactions and practice of carrying firearms, "was arguably determinative as to whether the jury would believe him on this crucial issue of fact." *Id.* Because of the high potential that this evidence corrupted the jury's verdict, we found the district court's denial of the motion for severance an abuse of discretion. *Id.*

1999, McCarter filed a motion in limine seeking to exclude the prior felony conviction as well as the ammunition and shotgun evidence, and filed his brief in support on March 15, urging in it that the defendant's prior burglary conviction did "not involve dishonesty or false statement and [was] too remote" in time to be admissible. On March 31, the government filed its response to the motion, opposing McCarter's request to exclude his prior convictions and the ammunition and shotgun evidence. Only a day later, on April 1, 1999, the government obtained a superseding indictment adding felon-in-possession of ammunition and shotgun counts.

McCarter alleges that this timeline casts doubt on the legitimacy of the government's impetus in adding the felon-in-possession counts, because they are absent from the initial indictment and made their appearance shortly after McCarter sought to exclude the prior conviction and shotgun and ammunition evidence. He further asserts that the government's dismissal of the shotgun count after the district court severed it, and the weakness of the evidence on the ammunition count, bolsters his contention that the prosecution was attempting to shore its thin evidence that McCarter knew drugs were to be in the cooler.

The circumstances surrounding the government's addition of the felon-in-possession counts, coupled with the lack of evidence supporting the ammunition count, as evidenced by the not guilty verdict on that count, leads us to "[t]he ineluctable conclusion

10

... that the government added the count[s] solely to buttress its case on the other counts."[15]  In *United States v. Holloway*, we criticized the government's addition of a felon-in-possession count to the other counts charged, explaining that we could discern no basis for the prosecutor to "have included this weapons charge in the indictment in the first place unless he was seeking to get before the jury evidence that likely would be otherwise inadmissible, *i.e.*, that Holloway was a convicted felon and that he had a weapon on his person when arrested."[16]  Similarly, the Second Circuit reasoned in *United States v. Jones*,

> [t]he government's indictment tactics belie its present claim that the felon in possession count was not unfairly prejudicial.  It added the felon in possession charge only after the first trial on the bank robbery charges ended with a hung jury, split ten to two for acquittal. No new facts supported the belated addition of the charge, and even if the government got a conviction on the new charge, it could not secure a longer sentence ....[17]

The D.C. Circuit has also taken issue with the government's addition of felon-in-possession counts to strengthen its case on other charges:

> [A] side consequence of the [felon-in-possession] law has been to provide federal prosecutors with a powerful tool for circumventing the traditional rule against introduction of other crimes evidence. Whenever an ex-felon is charged with committing a crime involving the

---

[15] *Jones*, 16 F.3d at 492.

[16] 1 F.3d at 310.

[17] *Jones*, 16 F.3d at 492.

11

> use of a gun, prosecutors may inform the jury of the defendants' prior convictions merely by taking the time to include a charge of firearms possession.
>
> The results in this case are instructive. Daniels was sentenced to concurrent prison terms of ten years for armed bank robbery, four years for carrying an unlicensed pistol, and two years for possession of a firearm after a felony conviction. The conviction for possession is thus virtually certain to have no effect on the time served by the defendant; all the government obtained by adding the possession count was the ability to tell the jury that Daniels had previously been convicted of a felony.
>
> We do not believe Congress had such a tactic in mind when it criminalized possession of firearms by ex-felons, and we do not believe the federal judiciary should encourage or countenance this use of the law.[18]

We find that the only reasonable explanation for the government's late addition of the felon-in-possession counts against McCarter was to strengthen its case on the drug counts by informing the jury of his prior felony conviction. At the hearings on the motion to sever, the government's main argument to the trial judge, who voiced concern over the prejudice of a felony conviction, was that the ammunition was found in the arrest at the robbery site and that the government was entitled to try all these facts together. McCarter's counsel made two telling responses. First, that he had no objection to the submission of the ammunition evidence at trial — the felony conviction was the problem. Second, the court was severing the shotgun count, so the two "gun" counts could be tried together in less than a day. That is, the government would lose none of the evidence that was associated with

---

[18] *United States v. Daniels*, 770 F.2d 1111, 1118 (D.C. Cir. 1985).

the robbery and suffer no inconvenience because a separate trial of the shotgun case was required in any event.  The district court took the position that the government was entitled to try all the same transactions in one trial.

Of course the government never proceeded with the severed shotgun count — the ammunition count brought the felony conviction before the jury.  This exchange only makes plainer the government's effort to use the felony conviction.  That was not its right.  And here, when the evidence was so thin that the trial judge later granted a new trial, its purpose and effect was prejudice.

**IV**

Taken together, the weakness of the evidence of McCarter's knowledge of the contents of the cooler and the dubious circumstances surrounding the addition of the felon-in-possession charges require that we find the district court abused its discretion in refusing to sever the counts.  Accordingly, we vacate McCarter's conviction and remand for a new trial.

VACATED and REMANDED.