**UNITED STATES of America**

**v.**

**David SANFORD, Defendant**

**No. CRIM.03–53–B–W.**

United States District Court,
D. Maine.

Feb. 4, 2004.

Stephen C. Smith, Law Offices of Stephen C. Smith, Bangor, ME, for David Sanford (2), Defendants.

Nancy Torresen, U.S. Attorney's Office, Bangor, ME, for USA, Plaintiff.

### ORDER DENYING APPEAL OF ORDER OF THE MAGISTRATE JUDGE

WOODCOCK, District Judge.

#### I. Introduction

The Defendant has been indicted on the following charges: Count I, Robbery under the Hobbs Act; Count II, use of a firearm during robbery named in Count I; Count III, possession of a stolen firearm; Count IV, felon in possession of a firearm; and Count V, possession of oxycontin with intent to distribute. On December 17, 2003, Magistrate Judge Kravchuk issued an Order, denying the three motions in the matter: a motion to transport prisoner to the crime scene; a motion to delay trial until the pre-sentence reports of co-defendants Hunter and Pelotte are available; and, a motion to sever Counts III and IV.

The Defendant appeals the part of the Order denying the severance of Counts III and IV from the Superseding Indictment.[1]

---

1. At conference of counsel on February 4, 2004, the Defendant's counsel indicated that he was uncertain whether he was maintaining his objection on Count III. Nevertheless, for

He essentially raises two arguments in his appeal. First, the Defendant cites *United States v. Holloway*, 1 F.3d 307 (5th Cir. 1993), and *United States v. Dockery*, 955 F.2d 50 (D.C.Cir.1992), for the proposition that this Court should sever the felon-in-possession and drug charges because they are not related to the robbery charges. Second, the Defendant suggests that a failure to sever the charges will create "undue prejudice in the minds of the jurors."

## II. Discussion

### A. Severance

■ Federal Rule of Criminal Procedure 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

However, Rule 14(a) provides defendants relief from prejudicial joinders:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires.

The Defendant urges severance in this instance because, he claims, Counts III and IV are not related to the other charges in the indictment. This Court disagrees. As the Magistrate Judge stated, "the events relating to the allegations in Counts III and IV are closely related to the events alleged in the other counts." Indeed, Count III charges possession of a stolen firearm used in the robbery in Counts I

and II; Count IV alleges that when he possessed the firearm, he had been previously convicted of a felony; and Count V charges possession with intent to distribute the drug stolen during the robbery in Counts I and II.

Neither *Holloway* nor *Dockery* supports the Defendant's position on this issue. In *Holloway*, a defendant was charged with armed robbery. 1 F.3d at 308. Two months later, he was charged as a felon in possession of a firearm found on him when he was arrested on the armed robbery charge. Explaining the interaction of Rules 8(a) and 14(a), the Fifth Circuit concluded that the district court abused its discretion by refusing to sever the felon-in-possession count because the weapons charge was not related to the robbery charge. However, the Fifth Circuit also noted:

> [I]f the weapons charge had been related to the robbery charges, initial joinder would have been proper and our conclusion in this case would have been different, as this court has previously held on several occasions that a district court may properly refuse severance even though proof of one of the counts requires proof of a prior felony conviction.

*Id.* at 312 n. 4 (citation omitted). This case presents the exact scenario described by the Fifth Circuit. The weapon and drug charges are inextricably related to the robbery charges: the Defendant allegedly stole the firearm used in the robbery where he obtained the drugs. *Holloway* hardly demands severance in this instance.

Similarly, *Dockery* does not stand for the proposition that this Court must sever the counts. In *Dockery*, the District of Columbia Circuit Court concluded that the district court abused its discretion in failing to sever firearm counts from drug

the sake of completeness, the Court will address both counts.

counts in an ex-felon's trial. 955 F.2d at 51. There, the Government resisted defense motions to sever, to introduce the defendant's prior convictions by stipulation, and to try the count to the judge. The Government also repeatedly referred to the defendant's prior conviction during trial. Based on these circumstances, the *Dockery* court held that the high level of care necessary to prevent undue prejudice was not present in the trial. However, the court also reiterated the circuit's rejection of a *per se* rule requiring separate trial of ex-felon counts and limited its holding to the facts of the case before it. Certain safeguards, the court explained, demonstrate a "sufficiently scrupulous regard for the defendant's right to a fair trial" and "protect the defendant from undue prejudice resulting from joinder." *Id.* at 50–51, 56 (discussing *United States v. Daniels*, 770 F.2d 1111 (D.C.Cir.1985)). Such safeguards may include the introduction of prior convictions by stipulation, a limiting instruction to the jury, and care on the part of the government to refrain from emphasizing the conviction to the jury. *Id.* The absence of those measures led the Circuit Court to conclude that the district court abused its discretion. *Dockery* is factually distinguishable from the case at hand.

### B. Juror Prejudice

■ This Court agrees with the Magistrate Judge and virtually all available case law that any prejudicial effect of the felon-in-possession count can be minimized by a stipulation to the nature of the previous felony. In *United States v. Tavares*, 21 F.3d 1, 5 (1st Cir.1994), the First Circuit held that evidence of the nature of a prior conviction, beyond the fact of the conviction itself, is inadmissible absent adequate trial court findings that its non-cumulative relevance is sufficiently compelling to survive the balancing test under Federal Rule of Evidence 403 ("[E]vidence may be ex-

cluded if its probative value is substantially outweighed by the danger of unfair prejudice...."). *See also United States v. Melvin*, 27 F.3d 703, 707 (1st Cir.1994) (discussing *Tavares*). Here, *Tavares* creates a significant incentive for the Defendant to stipulate to the prior conviction and a significant burden for the Government if it seeks to admit evidence regarding the nature of the prior conviction.

At the conference of counsel on February 4, 2004, the parties confirmed that they have agreed to enter into a stipulation that the Defendant has been convicted of at least one crime punishable by imprisonment for a term exceeding one year, thus addressing the court's concerns in *Tavares*.

### III. Conclusion

Therefore, I DENY Defendant's appeal of Magistrate Judge Kravchuk's December 17, 2003 Order.