United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50714

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL DOMINGUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-371-ALL

Before HIGGINBOTHAM, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel Dominguez was indicted and convicted by a jury of two counts of bank robbery and one count of being a felon in possession of a firearm. The district court sentenced Dominguez to 210 months' imprisonment for each count to run concurrently with each other and to three years of supervised release, and the court ordered him to pay $4,144 in restitution. As the result of a 28 U.S.C. § 2255 proceeding, the district courted re-entered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dominguez's judgment of conviction, and Dominguez filed a timely notice of appeal.

Dominguez asserts that his conviction should be vacated because the district court abused its discretion in denying his motion to sever the felon in possession charge from the bank robbery charges. Dominguez asserts that the denial of the motion to sever allowed the Government to introduce prejudicial evidence of his previous conviction that resulted in an unfair trial. The Government responds that joinder was proper and that Dominguez was not prejudiced by the joinder of the offenses.

This court reviews a district court's denial of a motion to sever for abuse of discretion. See Addington v. Farmer's Elevator Mutual Insurance, 650 F.2d 663, 666 (5th Cir. 1981); United States v. Stouffer, 986 F.2d 916, 924 n.7 (5th Cir. 1993); United States v. Inigo, 925 F.2d 641 (3rd Cir. 1991). The initial inquiry is whether joinder was proper under Federal Rule of Criminal Procedure 8. United States v. Holloway, 1 F.3d 307, 310 (5th Cir. 1993). Under Rule 8, offenses may be charged in the same indictment when they are "of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Here, the firearm was found with items that were linked to the first bank robbery and linked to Dominguez. Thus, joinder was proper.

The next inquiry is whether severance was warranted under Federal Rule of Criminal Procedure 14, because Dominguez was prejudiced by the joinder of the charges. To demonstrate that a severance was warranted and the district court abused its discretion in denying the motion to sever, Dominguez bears the burden of showing specific and compelling prejudice that resulted in an unfair trial. See Stouffer, 986 F.2d at 924; Holloway, 1 F.3d at 311. Given the overwhelming evidence of guilt and the curative jury instruction, Dominguez has not shown clear prejudice. Accordingly, the district court did not abuse it discretion in denying Dominguez's motion to sever.

Additionally, Dominguez asserts that 18 U.S.C. § 922(g) is unconstitutional, or, in the alternative, if the statute is constitutional, that the Government failed to prove the requisite nexus in his case. These issues are foreclosed by United States v. Rawls, 85 F.3d 240, 241-43 (5th Cir. 1996).

AFFIRMED.