United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-20888

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMON CRAIG HICKERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Southern District of Texas

_____

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

Damon Craig Hickerson, the defendant, was convicted of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), based on two separate incidents. He raises three errors on appeal, arguing that: 1) the district court abused its discretion by refusing to grant him a continuance to

1

locate a witness who failed to appear; 2) the district court abused its discretion by refusing to sever the two counts of being a felon in possession of a firearm charged in his indictment; and 3) his sentence was unconstitutional because a jury did not find the predicate convictions beyond a reasonable doubt. Because we conclude that the district court did not abuse its discretion in denying the motions for a continuance and to sever the two counts, and because Hickerson concedes that his third issue is foreclosed, we AFFIRM the judgment of the district court.

## I. Background

Damon Hickerson was convicted of two counts of being a felon in possession of a firearm. Hickerson was initially charged with a single count, stemming from an incident on March 13, 2004. Hickerson was riding in the front passenger seat of a rented Buick, and was the named renter on the contract. Police observed the Buick make two turns without signaling, and pulled it over. They saw a passenger in the back seat, Aaron Harris, make suspicious movements, and asked him to step out of the

vehicle. On searching him, they discovered marijuana in his possession. They then removed the other passengers from the car, finding a gun in the back seat. When an officer patted Hickerson down, he found a .44 caliber Bulldog revolver in Hickerson's back right pants pocket. The officers placed Hickerson under arrest, and he was charged with possession of the Bulldog revolver.

On September 17, 2004, while that charge was pending, Hickerson was involved in a separate incident. Six police officers responded to a citizen complaint about a group of men in front of a barber shop. The officers smelled marijuana coming from the barber shop as they approached the men. While the officers were approaching, Hickerson left the group of men and began to walk away. An officer shouted at him twice to stop, and Hickerson began to run away. Two officers chased Hickerson, subduing him and handcuffing him. During the struggle, one officer noticed the outline of a handgun in Hickerson's pants pocket. The officer found a loaded National Arms .22 caliber derringer in Hickerson's right front pants pocket. The government filed a superseding indictment, charging

3

Hickerson with an additional count of being a felon in possession of a firearm based on the derringer and seeking enhancement as a career criminal based on Hickerson's prior convictions.

On June 20, 2005, at trial proceedings involving both counts, the district court asked two of Hickerson's witnesses, Aaron Harris and Cassie Arceneaux, to approach the bench. The court swore them in, and instructed Mr. Harris to return the following day at 9:00 a.m. and Ms. Arceneaux to return "at noon here today." Ms. Arceneaux indicated that she understood, promising to return to court by 11:30 a.m. that day to testify at a suppression hearing. Ms. Arceneaux returned on time, and testified at the hearing, outside the presence of the jury, that Hickerson was not running away from officers when they arrested him for the September 17th incident at the barber shop. After both sides had questioned her, the court dismissed Ms. Arceneaux, saying, "Okay. You're excused. Thank you." She was not instructed to return.

On June 21, 2005, after the government rested its case, the defense presented two witnesses relating to the

4

March 13th incident. After their testimony, defense counsel advised the court that his next witness, Cassie Arceneaux, was not in court. Defense counsel incorrectly told the court that it had ordered her to return at 9:00 a.m. on June 21st. Defense counsel also stated that another of Hickerson's attorneys, Mr. Dion Craig, had spoken with Ms. Arceneaux the night before and had confirmed that she could be in court at 10:00 to 10:30 a.m. The district court asked Mr. Craig if he had heard from Ms. Arceneaux. He stated that his most recent conversation with her had been the night before, and that he had called her eight or nine times that morning but had not been able to reach her. The district court dismissed the jury for an early lunch to allow the defense to attempt to find the witness. The court then told defense counsel that if they could not locate Ms. Arceneaux by the time the jury had returned, she would have missed her chance to testify.

After an hour-long recess, the defense counsel told the court that Ms. Arceneaux had not been located and moved for a continuance to attempt to find her. A special

agent interjected that he believed he had seen Ms. Arceneaux in the lobby of the courthouse. The court then allowed another half-hour recess for defense counsel to attempt to find her. After the recess, defense counsel told the court that she still could not be found and renewed the motion for a continuance. The court denied the motion, noting that the defense had been given sufficient time to find her. The court also noted that Ms. Arceneaux had "intentionally made herself absent," basing this in part on the erroneous belief that she had been ordered to appear that morning.

At this time, defense counsel moved to sever the two counts against Hickerson, arguing that Ms. Arceneaux would have testified that she had slipped the derringer found by police in his pocket, while he might have believed that it was actually a replica cigarette lighter owned by her and which the defense would have offered into evidence. Defense counsel argued that absent this testimony, the second count was essentially unopposed, which would prejudice the jury on the first count. The court denied the motion to sever.

The district court instructed the jury to consider each count separately:

> A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

The jury found Hickerson guilty on both counts, and Hickerson has appealed.

## II. Analysis

Hickerson argues three issues on appeal: first, he contends that the district court abused its discretion by denying his motion for a continuance to locate Ms. Arceneaux. Second, he argues that the district court abused its discretion by denying his motion to sever the two counts of being a felon in possession of a firearm. Third, he argues that his sentencing enhancement under 18 U.S.C. § 924(e) is unconstitutional because a jury did not find the predicate convictions beyond a reasonable doubt, and he did not admit to them.

## A. Denial of Motion for Continuance

Hickerson first argues that the district court erred

7

by denying his motion for a continuance for further time to locate Ms. Arceneaux. We review the denial of a continuance for abuse of discretion. <u>United States v. Olaniyi-Oke</u>, 199 F.3d 767, 771 (5th Cir. 1999). When a continuance is requested based on the unavailability of a witness, the party seeking a continuance must demonstrate: (1) that due diligence was exercised to obtain the attendance of the witness; (2) that the witness would tender substantial favorable evidence; (3) that the witness will be available and willing to testify; and (4) that denial of the continuance would materially prejudice the movant. <u>Id.</u> The required prejudice must be severe or serious. <u>Id.</u>

Hickerson argues that he adequately demonstrated all four factors below. As to the first factor, due diligence, he points out that defense counsel produced Ms. Arceneaux to testify the previous day, had spoken to her by phone the previous evening, and had phoned her numerous times on the morning she was to testify at trial.

The government responds that defense counsel failed

to exercise due diligence because counsel did not subpoena Ms. Arceneaux to appear. We have previously considered the failure to issue a subpoena to a witness to be decisive as to the due diligence factor in some cases. See United States v. Shaw, 920 F.2d 1225, 1230 (5th Cir. 1991) (holding that "failure to subpoena the [witness] when he was available constitutes a lack of due diligence"); United States v. Rodriguez, 15 F.3d 408, 411 (5th Cir. 1994) (finding a lack of due diligence because defendant "had nearly four weeks in which to secure [the witness]'s attendance, yet he waited until two weeks before trial to request the subpoena"); United States v. Smith, 591 F.2d 1105, 1109-10 (5th Cir. 1979) (considering as to due diligence a defendant's failure to subpoena a police detective then in intensive care in a hospital); United States v. Kelly, 569 F.2d 928, 937 (5th Cir. 1978) (upholding denial of a continuance when the defendant attempted to issue a subpoena but missed an "excellent opportunity" to serve the witness when he was in the courthouse on a trial of his own). Had defense counsel obtained a subpoena, the district court would

have been empowered to compel Ms. Arceneaux's attendance under penalty of contempt of court. FED. R. CIV. P. 45(e).

Unlike our previous cases dealing with a failure to subpoena a witness, Hickerson's defense counsel made an additional effort to secure Ms. Arceneaux's appearance by calling her the night before to verify that she would appear the following day. However, while defense counsel incorrectly informed the court otherwise, it did not obtain an order for Ms. Arceneaux to appear, and she was in fact excused after testifying briefly on June 20th. Counsel's only effort to ensure her appearance was to call her the night before, verifying the time she was to appear. In light of this and the failure to obtain a subpoena, Hickerson did not show due diligence by his defense counsel in ensuring that Ms. Arceneaux would appear. Because Olaniye-Oke states a test of conjunctive essential elements, and Hickerson failed at step one, we need not address the other factors.

B. Denial of Motion to Sever

Hickerson additionally argues that the district court erred by denying his motion to sever the two counts of

the indictment, made after Ms. Arceneaux failed to appear. Hickerson argues that in the absence of her testimony, he effectively had no defense as to the second count. As to the first count, Hickerson's defense consisted of a claim that police had taken the gun from the glove compartment of the car and planted it on his person. He offered testimony from Tangila Randolph, the owner of the gun, who testified that she had placed it in the glove compartment. He also offered testimony from Aaron Harris, another man who had been in Hickerson's car, and who was in custody in the patrol car when police arrested Hickerson. He stated that he saw officers pull a wallet from Hickerson's pocket, and that they pulled the gun from Hickerson's car. Hickerson argues that absent a defense as to the second count, his defense as to the first count was prejudiced because the second count was not rebutted.

We review the denial of a motion for severance for abuse of discretion. United States v. McCarter, 316 F.3d 536, 538 (5th Cir. 2002). We do not reverse unless "'there is clear prejudice to the defendant.'" Id.

11

(quoting United States v. Holloway, 1 F.3d 307, 310 (5th

Cir. 1993).

The district court issued an instruction to the jury

as follows:

> A separate crime is charged in each count of the
> indictment. Each count, and the evidence
> pertaining to it, should be considered
> separately. The fact that you may find the
> defendant guilty or not guilty as to one of the
> crimes charged should not control your verdict
> as to any other.

Prejudice from a failure to sever counts can be cured by

proper jury instructions, and juries are generally

presumed to follow their instructions. United States v.

Bullock, 71 F.3d 171, 175 (5th Cir. 1995). Here, the

instruction given to the jury plainly forbade it from

considering the evidence pertaining to one count as to

the other, and Hickerson has pointed to no indications

that the instruction was not followed. Hickerson has not

shown clear prejudice, and the district court did not

abuse its discretion by denying the motion to sever.

C. Sentencing Enhancement under 18 U.S.C. § 924(e)

Hickerson argues that his sentencing enhancement

under 18 U.S.C. § 924(e) is unconstitutional because a

jury did not find the predicate convictions beyond a reasonable doubt, and he did not admit to them. He argues that Almendarez-Torres v. United States, 523 U.S. 224 (1998), was wrongly decided in light of later Supreme Court cases such as Apprendi v. New Jersey, 530 U.S. 466 (2000). He concedes that prior Fifth Circuit precedent forecloses this argument, and raises it solely to preserve it for review. See United States v. Brown, 437 F.3d 450, 451 n.1 (5th Cir.), cert. denied, 126 S. Ct. 2310 (2006).

## III. Conclusion

Because we conclude that the district court did not abuse its discretion in denying the motions for a continuance and the motion to sever the two counts of the indictment, and because Hickerson concedes that the third issue is foreclosed, we AFFIRM the judgment of the district court.

13