# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2012

No. 11-30719
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARD A. JACKSON, JR., also known as Gerard Jackson, also known as
Gerald Jackson,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-219-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gerard A. Jackson, Jr., appeals the denial of his motion to sever the
charges for bank robbery and for conspiracy to distribute and possess with intent
to distribute cocaine and possession with intent to distribute cocaine. This court
reviews the denial of a motion to sever for an abuse of discretion. *United States
v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004). Jackson did not renew the
motion as to the fifth superseding indictment. It is unclear whether review is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

limited to plain error. *See United States v. Mann*, 161 F.3d 840, 861-62 & n.58 (5th Cir. 1998). However, under either standard of review, Jackson's claim lacks merit.

The district court's denial of the motion to sever pursuant to Federal Rule of Criminal Procedure 8(a) was not an abuse of discretion or plain error. The fifth superseding indictment included allegations establishing a logical relationship between the bank robberies and the drug charges; in particular, it alleged that after stealing cocaine from his supplier, Jackson needed a new supplier; he committed the bank robberies to obtain money to purchase more drugs for resale; his coconspirator in the drug conspiracy helped Jackson clean the dye-stained money obtained during the bank robbery; and he asked his coconspirator to find a new supplier using the money obtained from one of the bank robberies. *See United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994) ("The propriety of joinder under Rule 8 is determined on the basis of the allegations in the indictment, which are accepted as true barring allegations of prosecutorial misconduct."). Evidence concerning both the bank robberies and the drug offenses was discovered at the apartment of Jackson's coconspirator, further establishing a logical relationship between the offenses. *See United States v. Dominguez*, 105 F. App'x 594, 595 (5th Cir. 2004). Even assuming arguendo that the joinder was improper, Jackson has not shown "clear, specific, and compelling prejudice that resulted in an unfair trial." *See United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004). Jackson is essentially challenging his coconspirator's credibility; however, the credibility of witnesses is a question for the jury. *See United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009). Further, any possible prejudice was cured by the jury instructions given by the district court. *See United States v. Butler*, 429 F.3d 140, 147 (5th Cir. 2005).

Jackson argues that the evidence was insufficient to support his convictions for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and possession with intent to distribute 500 grams or

more of cocaine.  Because Jackson did not move for a judgment of acquittal under Federal Rule of Criminal Procedure 29 at the close of the Government's case, review is limited to plain error.  *See United States v. Delgado*,  672 F.3d 320, 328-31 (5th Cir. 2012) (en banc).  Jackson's conviction will be reversed only to prevent a "*manifest* miscarriage of justice." *Id.* at 331.  This standard is not met unless "the record is *devoid of evidence* pointing to guilt" or "the evidence is so tenuous that a conviction is shocking." *Id.* (internal quotation marks and citation omitted).

The record is not devoid of evidence of Jackson's guilt.  James Joseph, Eric Foster, and Omar Skiffay testified that beginning in the fall of 2008, Jackson sold cocaine provided by Joseph in New Orleans.  Foster was Jackson's "main man" in New Orleans, cooked the cocaine into crack, talked to Jackson's buyers, and told them about the quantity and quality of the cocaine.  Between August or September 2008 and January 2009, Joseph provided approximately 15 kilograms of cocaine to Jackson.  Jackson stole eight kilograms of cocaine from Joseph in February 2009; Jackson told Foster and Skiffay that he was coming to New Orleans with cocaine and asked if they knew anyone interested in some "weight" or a large amount of cocaine.  Joseph traveled to New Orleans, located Jackson, and stole the cocaine back from Jackson.  Jackson told Foster and Skiffay that cocaine was stolen; Jackson told Skiffay that he needed to "hit a lick" and that he was going to rob a bank to get back into the drug business.  After one bank robbery, Jackson asked Foster to find a cocaine supplier using $17,000 of the money obtained in the bank robbery.  During a search of Foster's apartment, officers discovered $3200 in cash, cocaine, MDMA pills, a firearm with an obliterated serial number, and the bag used in one of the bank robberies on the roof of Foster's building.  In the instant case, the jury was free to rely on the testimony of Joseph, Skiffay, and Foster, as well as the physical evidence seized from Foster's apartment, to establish Jackson's convictions for conspiracy to distribute and to possess with intent to distribute 500 grams or more of

cocaine and possession with intent to distribute 500 grams or more of cocaine. *See United States v. Westbrook*, 119 F.3d 1176, 1190 (5th Cir. 1997). Jackson is essentially challenging the witnesses' credibility; however, this court does not "weigh evidence or assess the credibility of witnesses." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). Jackson has not shown that "the record is devoid of evidence pointing to guilt" or that "the evidence is so tenuous that a conviction is shocking." *See Delgado*, 672 F.3d at 331 (internal quotation marks and citation omitted).

AFFIRMED.