# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10674
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAE FLOYD NAILON, also known as Shea Floyd Nailon,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-187-4

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Shae Floyd Nailon pleaded guilty to possession of stolen mail in violation of 18 U.S.C. § 1708, and she was sentenced to 36 months of probation. After Nailon pleaded true to violating several conditions of her probation, it was revoked. The advisory guidelines policy statement sentencing range was four to 10 months, but the district court imposed a revocation prison term of 12 months. Nailon timely filed a notice of appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10674

One of Nailon's probation violations was the unlawful possession of a firearm. On the morning of the revocation hearing, she requested a continuance to seek the testimony of her codefendant in a state criminal case that the firearm was his, hoping to mitigate her firearm possession in the eyes of the district court. The district court denied the continuance, and Nailon contends that the court abused its discretion in doing so. Nailon did not aver in the district court, nor does she do so here, (1) what efforts she made to reach her codefendant during the two weeks between her initial appearance and her revocation hearing or (2) that her codefendant would have been available and willing to testify, potentially incriminating himself. Accordingly, she has not shown that the denial of her request for a continuance was an abuse of discretion. *See United States v. Hickerson*, 489 F.3d 742, 745-46 (5th Cir. 2007).

Nailon also challenges the reasonableness of her sentence. Sentences imposed on revocation of probation are reviewed under the plainly unreasonable standard. *See United States v. Kippers*, 685 F.3d 491, 496-97 (5th Cir. 2012).[1] In applying this standard, we first consider whether the district court committed any significant procedural error, then consider the substantive reasonableness of the sentence. *Id.* at 497.

After the district court imposed the 12-month sentence, Nailon requested that the court increase her sentence to 12 months and one day, which would make her eligible to earn good-conduct credits in prison. *See* 18 U.S.C. § 3624(b)(1). The court denied that request without allowing Nailon to explain the reason for it. Nailon asserts that since the district court did not hear the

---

[1] Nailon contends that the plainly unreasonable standard adopted by *Kippers* is incorrect and that revocation sentences should be reviewed under the standard of reasonableness set forth in *United States v. Booker*, 543 U.S. 220 (2005). She acknowledges that her contention is foreclosed, but she seeks to preserve the issue for further review.

2

reasons for the request, it necessarily did not address them and is therefore inadequate.  We have no doubt that the district court was aware of the reason for Nailon's request that a day be added to her sentence, and the denial of that request implies that the court meant for Nailon to serve the 12-month sentence it had imposed.  A review of the revocation hearing transcript satisfies us that the court considered the parties' arguments and had a reasoned basis for exercising its discretion to impose a revocation sentence that fell outside the recommended range.  *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009).  Accordingly, there is no procedural error with respect to the adequacy of the explanation for the sentence imposed.  *See Kippers*, 685 F.3d at 498.

As for the substantive reasonableness of her sentence, Nailon claims that in selecting a revocation sentence, the district court considered an improper factor, viz., punishment for her state firearm-possession offense.  A close reading of the revocation hearing transcript reflects that the district court selected a 12-month sentence to deter future criminal activity, to protect the public, and to punish Nailon.  Moreover, that punishment was aimed at the fact that Nailon had violated the conditions of her probation by committing a new offense while armed with a firearm; it was not aimed at the firearm-possession alone.

Nailon also disagrees with the district court's balancing of the sentencing factors.  She maintains that, under the facts of this case, the 12-month sentence is excessive and unduly harsh.  Because Nailon pleaded true to violating several conditions of her probation, the district court was authorized to sentence her to a term of imprisonment.  *See* 18 U.S.C. § 3565(a)(2).  We consider the extent of the sentencing court's deviation from a guidelines policy range, but defer to the court's decision that, on the whole, the 18 U.S.C.

No. 14-10674

§ 3553(a) factors justify the extent of the variance. *Kippers*, 685 F.3d at 500. In light of the district court's previous leniency and Nailon's conduct in absconding from supervision and then getting arrested for possessing a firearm in connection with two other offenses while on probation, the district court's decision to revoke Nailon's probation and sentence her to 12 months in prison was not an abuse of discretion. *See id.* at 499-501.

AFFIRMED.