# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-30812
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABE JYLES,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-49-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Abe Jyles appeals his mandatory minimum 20-year sentence for distributing 50 grams or more of cocaine base as a repeat offender under 21 U.S.C. §§ 841(b)(1)(A) and 851. He asserts that the Government failed to prove its allegation that he previously was convicted of possession of heroin. The Government provided evidence that Jyles's fingerprints matched those of the certified fingerprint card created by the New Orleans Police Department at the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time of the heroin arrest and that the identifying information on both the fingerprint card and the arrest register for the offense corresponded to the information on the certified copy of the heroin conviction. Jyles even admitted that he was the person who was arrested for the heroin offense.

Nevertheless, Jyles denies that he was the person claiming to be Abe Jyles who pleaded guilty to the offense and was sentenced by the state court. He relies upon the existence of someone else's fingerprints on the reverse side of a copy of the arrest register for the heroin offense, as well as on the reverse side of an arrest register for a state cocaine offense in his name. He suggests that someone else was willing to face the charges for him because "someone other than this Abe Jyles chose to have his fingerprints put on the arrest registers for each of the crimes, and that using either aliases or another person's identity is common both when committing crimes or answering their commission."

The evidence was sufficient to establish Jyles's identity as the subject of the prior heroin conviction. *See United States v. Lampton*, 158 F.3d 251, 260 (5th Cir. 1998). We reject his theory that the errant fingerprints on copies of the arrest registers created reasonable doubt that he was convicted of the heroin offense. It is undisputed that it was Jyles who was arrested for the heroin offense. Testimony established that, in Orleans Parish, fingerprints were added to arrest registers a short time after the initial booking in a separate part of the booking facility. The only reasonable inference from the presence of someone else's fingerprints on the arrest register was that a clerical error occurred. The fingerprints on the arrest documentation do not create a reasonable inference that someone other than Jyles showed up on a later date for his rearraignment and pleaded guilty in his place.

AFFIRMED.