# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2010

No. 09-40125

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAMON GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:

Defendant-appellant Ramon Gonzalez appeals the enhancement of his sentences under 21 U.S.C. § 841(b)(1)(A) that resulted in concurrent mandatory terms of life imprisonment. Gonzalez's sole contention on appeal is that the Government failed to prove beyond a reasonable doubt that he was the subject of a 1988 drug conviction used to enhance his sentence, as required under 21 U.S.C. § 851(c)(1). Because we find that the Government did offer proof sufficient to meet the standard of beyond a reasonable doubt, we affirm.

## STANDARD OF REVIEW

We review *de novo* an appellant's preserved challenge to the sufficiency of the evidence. *United States v. Alarcon*, 261 F.3d 416, 421 (5th Cir. 2001).

## FACTS AND PROCEEDINGS BELOW

Ramon Gonzalez was convicted by a jury of conspiring to possess with the intent to distribute more than 1,000 kilograms of marihuana and of possession with the intent to distribute the same. Before the trial, the Government filed an information pursuant to 21 U.S.C. § 851(a)(1) stating its intent to seek enhancement of Gonzalez's sentence based on a 1988 felony conviction of possession with the intent to distribute marihuana and a 1997 felony conviction for conspiracy to possess with the intent to distribute cocaine. Under 21 U.S.C. § 841(b)(1)(A)(vii), an individual who violates 21 U.S.C. § 841(a)(1) by possessing with the intent to distribute 1,000 kilograms or more of marihuana is subject to imprisonment for not less than ten years or more than life. If prior to the offense, the same individual was convicted of two or more prior felony drug offenses, he is subject to a mandatory term of life imprisonment. 21 U.S.C. § 841(b)(1)(A). After the Government files its required information, if the defendant denies the allegations of the prior convictions in written form, the district court must hold a hearing and specifically must ascertain whether the defendant affirms or denies that he has been previously convicted. 21 U.S.C. § 851(c)(1). If the defendant denies the prior convictions at that point, the Government has the burden of proving beyond a reasonable doubt any issue of fact relating to the prior conviction. *Id*.

Gonzalez filed a written objection to the Government's required information of prior convictions, in which he denied the 1988 and 1997 convictions. At the sentencing hearing, Gonzalez reiterated his objections to

the Government's information and again denied that he was the subject of the 1988 and 1997 convictions.  The Government introduced a judgment of the United States District Court for the Southern District of Texas, McAllen Division, that one Ramon Gonzalez was convicted, on his guilty plea, of conspiracy to possess with intent to distribute cocaine and was sentenced to sixty months' confinement and four years' supervised release on December 16, 1997.  The Government also introduced a judgment of the United States District Court for the Southern District of Texas, Corpus Christi Division, that one Ramon Gonzalez was convicted on his guilty plea of possession with the intent to distribute marihuana and was sentenced to forty-one months' confinement and three years' supervised release on April 22, 1988.  The name on both judgments was Ramon Gonzalez (spelled the same way) and the Social Security numbers identifying the offenders in the prior offenses matched each other as well as the Social Security number of the defendant Ramon Gonzalez.  The 1997 conviction correctly reflects appellant's date of birth as September 26, 1950; the 1988 conviction does not reflect any date of birth information.  There was no evidence of any other prior conviction.

The Government also introduced the testimony of Carlos Rosales, who served as Gonzalez's probation officer following his release from prison after the 1997 conviction.  Rosales testified that while serving as Gonzalez's probation officer, he was aware that the 1997 conviction was Gonzalez's second conviction and that his first conviction arose in Corpus Christi. Rosales also admitted that he did not supervise Gonzalez after his first conviction and did not recall whether he and Gonzalez had discussed any prior offenses.  He stated that he usually verified with the probationer the information in his file and that he did not have any reason to believe that he did not verify the prior conviction with Gonzalez.

The district court overruled Gonzalez's sentencing objections after taking evidence, and the court sentenced Gonzalez to concurrent life sentences of imprisonment, to be followed by concurrent life terms of supervised release.  The district court noted that if Gonzalez were not subject to a mandatory life sentence under section 841(b)(1)(A), the court would have sentenced him to 360 months' confinement.  Gonzalez appeals only the use of the 1988 felony drug offense for sentencing enhancement purposes under section 841(b)(1)(A).

## DISCUSSION

Gonzalez asserts that the Government failed to prove beyond a reasonable doubt that he was the subject of the 1988 drug conviction used to enhance his sentence.   Before addressing Gonzalez's primary argument, we first address whether the defendant was barred from challenging this prior conviction.  The statute at issue contains a provision that prohibits a defendant from challenging "the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e).  Other circuits have concluded that this provision does not prevent a defendant from arguing that he was not the person who was convicted of the offense. *See United States v. Dickerson*, 514 F.3d 60, 65 (1st Cir. 2008); *United States v. Green*, 175 F.3d 822, 835 (10th Cir. 1999).  We agree that Gonzalez's challenge to his prior conviction based on identity is not barred by section 851(e).  He is not challenging "the validity" of the 1988 conviction, but only that it is not a conviction of him; and, if it is not a conviction of him, he likely had no notice of it or reason to sooner challenge it.

Gonzalez argues that the 1988 judgment of conviction by itself is not sufficient to establish that he was the person who was convicted of that

offense.  This court has addressed challenges to the sufficiency of the evidence of a prior conviction under this statute twice before.  In both cases, the Government produced physical evidence in the form of fingerprint exemplars to prove that the defendant was convicted of the prior offenses.  *See United States v. Jyles*, 363 F. App'x 465, 466 (5th Cir. 2009); *United States v. Lampton*, 158 F.3d 251, 260 (5th Cir. 1998).  In neither case did we hold that physical evidence was a requirement for proving a prior conviction beyond a reasonable doubt.

The defendant cites to several sister circuit cases where the Government was found to have not proved the prior convictions beyond a reasonable doubt.  *See e.g. United States v. Kellam,* 568 F.3d 125 (4th Cir. 2009); *United States v. Sanchez-Garcia*, 461 F.3d 939 (8th Cir. 2006); *United States v. Green*, 175 F.3d 822 (10th Cir. 1999). In each of those cases, there was some form of discrepancy with respect to the issue of identity among the various documents proving the prior convictions.  Here, there are no such discrepancies.  The defendant's name, spelled correctly, and his Social Security number appeared on both prior convictions.  Although Gonzalez alleges that identity theft is not uncommon, he does not offer any evidence that another person used his Social Security number at any time in the past. The fact that the addresses on the older convictions are different from each other is virtually meaningless, given that the convictions are nine years apart.[*]  The evidence the Government has provided is sufficient to support the district court's finding that, beyond a reasonable doubt, the instant defendant-appellant was convicted by the 1988 judgment of conviction.

---

[*]The 1988 conviction shows an address in Mission, Texas; the 1997 conviction shows an address in San Juan, Texas.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's sentence of Ramon Gonzalez to two concurrent terms of life imprisonment, each followed by concurrent life terms of supervised release.