# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50721
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES THOMAS CLAY, III, also known as James Clay,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-130-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

James Thomas Clay, III, appeals his jury trial conviction and 125-month sentence for aiding and abetting possession with intent to distribute methamphetamine. He contends that the trial evidence was insufficient to prove his intent to distribute methamphetamine; that the district court erred in applying a sentencing enhancement, pursuant to 21 U.S.C. § 841(B)(1)(b) and 21 U.S.C. § 851(a), because the evidence supporting his prior felony drug

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction lacked reliability; and that the district court erred by admitting at trial a letter, purportedly authored by him, as it was not properly authenticated.

Because error was not preserved, we review the sufficiency of the evidence for plain error. *See United States v. Smith*, 878 F.3d 498, 503 (5th Cir. 2017), *cert. denied*, 139 S. Ct. 787 (2019). The record is not devoid of evidence that Clay possessed the methamphetamine with intent to distribute it. *See United States v. Vasquez*, 766 F.3d 373, 377 (5th Cir. 2014). In particular, the Government presented testimony from an expert witness that the amount of methamphetamine possessed by Clay, approximately 12.45 grams, constituted a distributable amount, rather than a user amount; the witness explained that a typical methamphetamine user would not possess that large amount as it would be cost-prohibitive to do so. That testimony, coupled with evidence showing that a digital scale was found in Clay's truck and that a codefendant, a front-seat passenger in the truck, carried visible knives in his belt, was sufficient for the jury to infer the requisite intent. *See United States v. Williamson*, 533 F.3d 269, 277-78 (5th Cir. 2008); *see also United States v. Pigrum,* 922 F.2d 249, 254 (5th Cir. 1991). Clay thus fails to show that his conviction resulted in a manifest miscarriage of justice. *See United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007).

Clay next contends that the district court erred by enhancing his sentence under § 841(B)(1)(b) because the evidence was insufficient to show that he had a prior felony drug conviction. We review de novo a challenge to the sufficiency of the evidence supporting the enhancement. *See United States v. Gonzalez,* 625 F.3d 824, 825 (5th Cir. 2010). Here, the state court indictment and judgment listing the proper spelling of Clay's full name, coupled with the related affidavits listing his correct date of birth, appear to be sufficient under

No. 18-50721

*Gonzalez* prove that Clay was convicted of the Travis County drug offense. *See Gonzalez*, 625 F.3d at 827.  Nevertheless, because the district court recited the guidelines range that would have applied without the enhancement and explained that it would have imposed the same sentence even if the enhancement did not apply, any error was rendered harmless.  *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) ("We have held that a guidelines calculation error is harmless where the district court has considered the correct guidelines range and has stated that it would impose the same sentence even if that range applied.").

Finally, Clay has not established that the district court abused its discretion by admitting at trial a letter, purportedly written by him, stating that a codefendant had no knowledge of the drugs found in Clay's truck.  *See United States v. El-Mezain*, 664 F.3d 467, 494 (5th Cir. 2011).  The letter bore Clay's printed name and signature and contained specific details regarding the offense; in addition, the envelope in which the letter was sent indicated that it was mailed from the facility in which Clay was incarcerated and included his name and prisoner number.  *See United States v. Scurlock,* 52 F.3d 531, 538 (5th Cir. 1995).  Based on the foregoing, the Government satisfied its "low" burden of authentication in connection with the letter.  *See United States v. Lundy*, 676 F.3d 444, 454 (5th Cir. 2012).

The judgment is AFFIRMED.