# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10819

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

SHANNON DALE SMITH,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Shannon Smith pleaded guilty of interstate communications with intent to extort in violation of 18 U.S.C. § 875(b). A jury found him guilty of possession of firearms in furtherance of a crime of violence ("COV"), 18 U.S.C. § 924(c). He appeals the district court's inclusion of the government's requested jury instruction and challenges the sufficiency of the evidence. We affirm.

No. 16-10819

I.

Smith decided to extort money from the Boardmans, a local wealthy family. Smith called Boardman, told Boardman he was being watched, and directed him to a note on his door, instructing him to place $525,000 in cash or gold coins in a duffel bag and await further instructions. The note warned that Boardman, his wife, and his granddaughter were being watched and that someone would be taken should he try to contact the police. Boardman informed his friend, a retired state trooper, who contacted law enforcement.

Two days later, Smith called again, graphically threatening Boardman's granddaughter. That evening, Smith made two more threatening phone calls. Later, during the fourth call of the day, Smith directed Boardman to leave the duffel bag filled with money on the east side of a barn. The final call confirmed that Boardman had received the instructions and threatened that "there would be hell to pay" should there be a GPS tracker or a dye pack in the bag.

That evening, officers drove Boardman's car to the drop site and placed the duffel bag at the barn per Smith's instructions. Six officers patrolled the area while others conducted aerial surveillance. Smith approached the barn in his vehicle and, exiting with his fourteen-year-old son, shined a spotlight in the area of the drop location, whereupon the officers arrested them.

Smith informed the officers that he was armed, and they found a Glock, Model 23, .40 caliber semi-automatic pistol on his person. A Rock River Arms .223 caliber semi-automatic rifle and a Ruger .22 caliber rifle were in Smith's truck. Although Smith told the officers he was hunting coyotes and an owl with his son, he later confessed to the extortion and that he was at the barn to see whether Boardman had left the money. He stated, however, that his son did not know of the extortion and that he did not plan to retrieve the bag at that time.

2

No. 16-10819

A federal indictment charged Smith under 18 U.S.C. § 875(b) for making threatening interstate communications with the intent to extort (Count One) and under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a COV (Count Two). Smith pleaded guilty to Count One and proceeded to trial on Count Two. After the government's case in chief, the court denied Smith's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(a) that claimed there was no evidence demonstrating the firearms were used in furtherance of the extortion.

Smith presented evidence that he frequently carried the Glock when he left the house and that he used it for personal protection, not for hunting. He did not renew his motion for acquittal at the close of all the evidence.

The prosecution requested that a sentence be added to the end of the Fifth Circuit pattern jury instruction stating, "It is not necessary to prove that the defendant intended to possess the firearm in furtherance of the defendant's commission of the crime charged in Count One." The prosecution stated that that would clarify that the scienter requirement was knowledge, not intent. Smith objected that the government must show specific intent that the weapons further the crime, but the court included the sentence. The jury found Smith guilty on Count Two.

## II.

The court charged the jury using the Fifth Circuit pattern jury instruction with the government's requested additional sentence. To prove the possession was "in furtherance," the instructions directed the jury that "the government must prove that the defendant possessed a firearm that furthers, advances, or helps forward the crime of violence."[1] That was followed by the

---

[1] FIFTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS § 2.44 (2015).

3

government's requested sentence: "It is not necessary to prove that the defendant intended to possess the firearm in furtherance of the [COV]."

Although we have upheld the pattern instructions as a correct statement of the law,[2] Smith objected, stating that a defendant must have the specific intent that the firearm further the crime and that the government's addition made the possession offense a strict-liability crime. The government counters that § 924(c) requires a *mens rea* of knowing possession with an evidentiary nexus requirement that the firearm further the crime and that the government's proffered sentence clarified that requirement.

Though we find that the addition unnecessarily confused the issue and should not have been included, it did not ultimately misstate the law and is therefore not reversible error. We reaffirm our interpretation of § 924(c) that possession in furtherance is a possession that furthers, advances, or helps forward a COV or drug-trafficking crime. *United States v. Ceballos-Torres*, 218 F.3d 409, 412−15 (5th Cir. 2000). We emphasize, however, that an additional sentence or other statement such as the one at issue here should not be used in this circuit.

## A.

The court generally reviews jury instructions for an abuse of discretion, *United States v. Kay*, 513 F.3d 432, 446 (5th Cir. 2007), but where a challenge to an instruction rests on grounds of statutory interpretation, our review is *de novo, United States v. Stanford*, 823 F.3d 814, 828 (5th Cir.), *cert. denied*, 137 S. Ct. 453 (2016). Because the parties dispute the *mens rea* requirement in § 924(c), *de novo* review is proper.

---

[2] *United States v. Harris*, 740 F.3d 956, 965 & n.5 (5th Cir. 2014); *United States v. Yanez-Sosa*, 513 F.3d 194, 203−04 (5th Cir. 2008).

No. 16-10819

B.

The statute does not answer the question of the requisite mental state. It reads in relevant part,

Except to the extent that a greater minimum sentence is otherwise pro-vided by this subsection or by any other provision of law, *any person who*, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, *in furtherance of any such crime, possesses a firearm, shall,* in addition to the punishment pro-vided for such crime of violence or drug trafficking crime—*be sentenced to a term of imprisonment of not less than 5 years.*

18 U.S.C. § 924(c)(1)(A) (emphasis added)

In 1998, Congress amended § 924 to include the crime of possession-in-furtherance. In *Ceballos-Torres*, this circuit was the first to address the amended language. Though it does not specifically address what mental state the statute requires, *Ceballos-Torres* answers the present dispute. It inter-preted possession-in-furtherance to determine the scope of possessions the statute criminalized. To determine what conduct the statute encompassed, we looked to the dictionary definition of "furthered," to canons of construction, and to the House Report accompanying the 1998 amendment. *Ceballos-Torres*, 218 F.3d at 412–15.

The court held that the "mere presence" of a firearm at a crime scene is not enough to support a conviction. *Id.* at 414. Rather, there must be "evidence more specific to the particular defendant, showing that his or her possession *actually furthered* the [crime]." *Id.* (emphasis added). In other words, the *mens rea* is more than strict liability, such that "a drug dealer whose only firearms are unloaded antiques mounted on the wall does not possess those firearms 'in furtherance'" of his crime. *Id.* at 415. But the "something more" that the court required to establish liability was not a defendant's intent regarding the weapon. Instead, "firearm possession that furthers, advances, or helps forward

the [offense] violates the statute." *Id.* Thus the court looked for an evidentiary link establishing the firearm's actual effect on the crime.

The court's application of this standard to the facts elucidates the requisite mental state. In *Ceballos-Torres*, officers went to the defendant's apartment to conduct an immigration check. While in the bedroom, they noticed a handgun on the bed. Using a subsequent search warrant, they found cocaine in the closet along with other evidence of drug dealing. *Id.* at 411. The court found that evidence sufficient to establish that the weapon furthered the drug crime because it was loaded and easily accessible, was possessed illegally, and was kept near a "substantial amount of drugs and money." *Id.* at 415. The gun "protected [the] drugs and money against robbery." *Id.*

To determine actual furtherance, the court laid out several factors that it deemed helpful, but not exclusive, to distinguish innocent from criminal possession: "the type of drug activity . . ., accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* at 414–15. Though *Ceballos-Torres* involved a drug-trafficking crime instead of a COV, the analysis regarding what constitutes possession-in-furtherance is the same.

Significant for Smith's case is *Ceballos-Torres*'s application of "in furtherance" as an evaluation of various circumstantial factors to answer the factual question of whether the weapon actually advanced the crime. *See id.* at 412. At no point did the court examine the defendant's intended use for the weapon. Rather, it approached the question of furtherance with a multifactorial evidentiary approach. This supports the conclusion that the requirement is knowing possession with a nexus linking the defendant and the

No. 16-10819

firearm to the offense.  Now we reaffirm that approach.[3]

## III.

Smith uses two arguments to question the sufficiency of the evidence. The first is that the crime of extortion was already complete when he went to pick up the money.  At that time, all threats had been communicated; thus all elements of § 875(b) had been satisfied, and firearms could not have furthered an already completed offense.  The second is the contingent claim that, even if the crime were continuing, there was insufficient evidence that the firearms furthered the extortion.

## A.

Smith did not preserve his sufficiency challenge.  After moving for judgment of acquittal at the close of the government's evidence, he failed to renew his motion at the close of all the evidence, so we apply plain-error review, requiring satisfaction of four prongs:

> First, there must be an error or defect . . . .  Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings." Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 556 U.S. 129 (2009)).  Where, as here, the sufficiency

---

[3] *See Harris*, 740 F.3d at 964–65; *United States v. Rose*, 587 F.3d 695, 702 (5th Cir. 2009) (finding possession in furtherance satisfied when a firearm "furthers, advances, or helps forward" the offense and reiterating the *Ceballos-Torres* factors the court should consider in making its determination); *United States v. McGilberry*, 480 F.3d 326, 330 (5th Cir. 2007) ("[M]ere possession is criminal only when it furthers or advances the drug trafficking offense.").

No. 16-10819

claim is unpreserved, the second prong is satisfied only if there is a "manifest miscarriage of justice," *id.* at 331, which occurs only where "the record is devoid of evidence pointing to guilt" or the evidence is so tenuous that a conviction would be "shocking," *id.* at 330–31.

### B.

Extortion may continue until receipt of the payment. Although the elements of extortion were complete upon transmission of the threats, that does not mean the crime was complete for purposes of furtherance. The crime of robbery offers an example. Robbery "does not necessarily begin or end at the front doors of the bank" but can include the escape.[4] In *Pate*, the court affirmed a conviction of using or carrying a firearm in furtherance of robbery under § 924(c) even though the defendant did not carry the weapon into the bank but had it in the vehicle upon his escape. *See Pate*, 932 F.2d at 738. These cases demonstrate that liability does not necessarily end upon the satisfaction of the last element required for indictment.

### C.

Smith's contingent sufficiency claim fails, because the record is not "devoid of evidence." Smith contends that the record does not show that he had the specific intent to use the firearms to further the crime. As discussed above, however, a showing of specific intent is not required. Rather, the statute requires that the firearm "actually furthered" the COV. *Ceballos-Torres*, 218 F.3d at 414.

To aid the jury in discerning actual furtherance, *Ceballos-Torres* laid out the above-mentioned eight factors examining the circumstances surrounding

---

[4] *United States v. Pate*, 932 F.2d 736, 738 (8th Cir. 1991); *see also United States v. Willis*, 559 F.2d 443, 444 (5th Cir. 1977) (holding that the escape phase is part of the robbery).

the firearm, the defendant, and the crime. Because this is not a drug-trafficking case, the circumstantial evidence is a bit different, but the factors are still helpful. The gun was loaded, was on Smith's person, was not a gun he used to hunt, and was being carried as he approached the drop location. These are the types of factors that allow a jury to infer that a firearm is possessed for protection of the profits of the crime.[5] The hunting rifles provided Smith a cover story to hide the crime from his son and law enforcement. Thus the record is not devoid of evidence upon which a jury could have relied to find Smith guilty under § 924(c).

The key in determining whether a firearm furthered the crime is ensuring that the evidence distinguishes coincidental or unrelated possession from possession that furthers the crime. *See id.* at 415. The government's evidence fits that description. The prosecution presented specific facts linking Smith to the firearms and the firearms to the extortion. It was not plain error for the jury to find Smith guilty of possession of firearms in furtherance of the crime of extortion.

AFFIRMED.

---

[5] *See, e.g.*, *United States v. Mackey*, 265 F.3d 457, 462–63 (6th Cir. 2001) (using the *Ceballos-Torres* factors to distinguish possession in furtherance from innocent possession such as a "wall-mounted antique or an unloaded hunting rifle locked in a cupboard").