# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2019

Lyle W. Cayce
Clerk

No. 19-20061
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARY MOSLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-284-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mary Mosley appeals her jury trial conviction and 135-month sentence for aiding and abetting a bank robbery. She contends that the trial evidence was legally insufficient to prove her guilt beyond a reasonable doubt and that the district court erroneously applied Guidelines sentence enhancements for abduction and for using a firearm to facilitate the commission of the robbery. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20061

Because error was not preserved, we review the sufficiency of the evidence for plain error. *See United States v. Smith*, 878 F.3d 498, 503 (5th Cir. 2017), *cert. denied*, 139 S. Ct. 787 (2019). Mosley argues that her conviction rests on the self-serving testimony of her three co-defendants, and at trial she pursued a theory that one of them, Kendrick Miller, manipulated her into participating in the robbery. However, the jury heard the testimony casting doubt on the co-defendants' credibility and still chose to believe them, a decision we will not second guess. *See United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002); *United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997). The trial evidence sufficiently established that Mosley shared her co-defendants' intent to rob the bank at which she worked; that she engaged in affirmative conduct designed to aid the robbery by, *inter alia*, leaving the back door to the bank unlocked; and that she sought by her actions to make the robbery succeed. *See United States v. Lopez-Urbina*, 434 F.3d 750, 757-58 (5th Cir. 2005). Mosley thus fails to show that her conviction resulted in a manifest miscarriage of justice. *See United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007).

Mosley next contends that the district court erroneously enhanced her sentence based on its finding that Mosley's co-worker, Kimberly Saucedo, "was abducted to facilitate commission of the offense or to facilitate escape." U.S.S.G. § 2B3.1(b)(4)(A). She argues that the evidence shows that Saucedo was moved only within the bank and was not forced to exit the bank. We have consistently held such facts to be sufficient to support the abduction enhancement. *See United States v. Smith*, 822 F.3d 755, 764 (5th Cir. 2016).

Lastly, Mosley asserts that the district court erred by applying an enhancement because "a dangerous weapon was otherwise used" during the commission of the robbery. § 2B3.1(b)(2)(D). She avers that the record fails to

establish that she could have reasonably foreseen that her co-defendant would use a gun, *see* § 1B1.3(a)(1)(B) (relevant conduct); that she was acquitted of aiding and abetting the use and carrying of a firearm during a crime of violence; and that, under *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), the firearms enhancement could not be predicated on conduct for which she was acquitted.

*Nelson* is inapposite; the district court could rightly consider Mosley's acquitted conduct, which it needed find only by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 156-57 (1997). Given the testimony that Mosley gave Miller the gun and suggested using it so that the robbery would not look like an "inside job," the district court did not clearly err in finding that she could reasonably foresee the gun being used. *See United States v. Fernandez*, 770 F.3d 340, 342, 344-45 (5th Cir. 2014); *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999). Mosley fails to show sentencing error.

The judgment is AFFIRMED.