# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 23, 2021

Lyle W. Cayce
Clerk

No. 19-30898
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Keaton L. Copeland,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CR-84-1

Before Owen, *Chief Judge*, and Southwick and Wilson, *Circuit Judges*.

Per Curiam:*

Keaton L. Copeland was convicted by a jury of five counts of wire fraud and one count of conspiracy to commit wire fraud. He appeals the judgment of conviction, arguing that the Government failed to produce sufficient evidence to convict him of any of the charges. Copeland challenges

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his convictions for wire fraud on the basis that the Government failed to prove his specific intent to defraud, and he challenges his conspiracy conviction on the basis that the Government failed to prove that he knowingly joined the conspiracy.

Because Copeland did not renew his motion for a judgment of acquittal after the close of all evidence, our review is for plain error. *See United States v. Smith*, 878 F.3d 498, 502-03 (5th Cir. 2017); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

To convict a defendant of wire fraud under 18 U.S.C. § 1343, the Government must establish, inter alia, a specific intent to defraud. *United States v. Scully*, 951 F.3d 656, 671 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 344 (2020). Specific intent is established "when [a defendant] acts knowingly with the specific intent to deceive for the purpose of causing pecuniary loss to another or bringing about some financial gain to himself." *Id.* (quoting *United States v. Evans*, 892 F.3d 692, 712 (5th Cir. 2018)). Intent can be inferred from the facts and circumstances of the case. *Id.* The record is not devoid of evidence that Copeland acted with a specific intent to defraud. *See id.* at 671-72; *Smith*, 878 F.3d at 503. In particular, the Government produced evidence that Copeland knowingly submitted false information on Affordable Care Act applications, made false statements to insurance providers, and pressured employees into not cooperating with the federal investigation, among other acts. Copeland fails to show that his convictions for wire fraud resulted in a manifest miscarriage of justice. *See Smith*, 878 F.3d at 503.

To convict a defendant of conspiracy to commit wire fraud under 18 U.S.C. §§ 1349 and 1343, the Government "must prove that: (1) two or more persons made an agreement to commit wire fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement willfully, *i.e.*, with specific intent." *United States v. Kuhrt*, 788

F.3d 403, 414 (5th Cir. 2015).  A wire fraud conspiracy "can be established on circumstantial evidence alone," and "a jury can infer from the surrounding circumstances whether a defendant participated in and knew of the conspiracy." *United States v. Sanders*, 952 F.3d 263, 273 (5th Cir. 2020). The agreement may also "be inferred from concert of action." *Id*. at 274 (quoting *United States v. Frydenlund*, 990 F.2d 822, 825 (5th Cir. 1993)). Here, the Government produced evidence that Copeland engaged in specific acts of fraud with his codefendant Dorothy Delima for the purpose of enriching themselves at the expense of the Government; this evidence included Delima's testimony reflecting their agreement to lie to an insurance provider to secure more business.  It was not plain error for the jury to find Copeland guilty of conspiracy to commit wire fraud.  *See Smith*, 878 F.3d at 503.

Accordingly, Copeland's convictions on all counts are AFFIRMED.