# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2021

Lyle W. Cayce
Clerk

No.19-20662

CONSOLIDATED WITH

No.21-20120

Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MUHAMMAD ARIF,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-388-3

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Muhammad Arif was convicted by a jury of conspiring to unlawfully distribute controlled substances, including Hydrocodone (also known as Norco) and Carisoprodol (also known as Soma), not for a legitimate medical

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-20662
c/w No. 21-20120

purpose and outside the scope of professional practice. The jury also convicted him of three counts of distributing and dispensing Norco and Soma not for a legitimate medical purpose and outside the scope of professional practice, and aiding and abetting. The district court sentenced Arif to concurrent 96-month terms of imprisonment on all counts, to be followed by a two-year term of supervised release.

On appeal, Arif asserts that the evidence is insufficient to support his convictions. Although Arif moved for a judgment of acquittal at the conclusion of the Government's case-in-chief, he did not renew his motion at the close of all the evidence; this results in plain error review on appeal. *See United States v. Smith*, 878 F.3d 498, 502-03 (5th Cir. 2017).

Under the plain error standard, Arif must show an error that is clear or obvious—rather than subject to reasonable dispute—and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

For insufficient evidence to rise to the level of plain error, there must have been a "manifest miscarriage of justice." *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007) (internal quotations marks and citation omitted); *see Smith*, 878 F.3d at 503. A manifest miscarriage of justice occurs when "the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be shocking." *United States v. Vasquez*, 766 F.3d 373, 377 (5th Cir. 2014) (internal quotation marks and citation omitted); *see Smith*, 878 F.3d at 503.

The elements of the offense of conspiring to distribute and dispense controlled substances outside the scope of professional practice are: "(1) an

agreement by two or more persons to unlawfully distribute or dispense a controlled substance outside the scope of professional practice and without a legitimate medical purpose; (2) the defendant's knowledge of the unlawful purpose of the agreement; and (3) the defendant's willful participation in the agreement." *United States v. Oti*, 872 F.3d 678, 687 (5th Cir. 2017). In order to convict Arif of the substantive offenses, the Government was required to prove that Arif (1) distributed or dispensed a controlled substance (or aided and abetted such acts), (2) acted knowingly or intentionally, and (3) did so other than for a legitimate medical purpose or outside the usual course of professional practice. *See United States v. Evans*, 892 F.3d 692, 703 (5th Cir. 2018); 18 U.S.C. § 2(a).

Arif argues that the evidence is insufficient to support his convictions because it fails to show that he knew that the prescriptions written for Norco and Soma lacked a legitimate purpose, or that the prescriptions were being provided outside the course of professional practice. Arif concedes that he received some medical training in Pakistan, but he argues that the record does not show that he was aware of customary pain management policies in the United States. He contends that the record shows that he operated at the direction of a doctor and that treating patients with Norco and Soma was the standard practice of doctors at the clinic where he was employed. As to the three substantive counts, Arif raises the argument that, because he was a non-registrant who was not authorized to dispense controlled substances, he could be convicted only on an aiding and abetting theory, not as a principal.

At trial, there was testimony that Arif filled out prescription forms that had been pre-signed by a doctor who worked at the same clinic, that Arif filled out the forms after seeing patients for five to ten minutes, that he did not have a medical license in Texas (although he claimed to have been a doctor in Pakistan), and that he consistently prescribed  both Norco and

Soma.  There was also evidence that Arif had telephone contact with the drivers who brought patients to the clinic, and that he knew that the drivers ultimately received the prescriptions written for the patients.  Additionally, the Government's medical expert opined that there was no medical indication for the combination of Norco and Soma, because together these drugs are a dangerous combination that involves an increased risk of overdose.  The medical expert also testified that prescriptions for Norco and Soma were outside the scope of professional practice and not for any legitimate medical purpose.  Given the foregoing, far from being devoid of evidence, *see Vasquez*, 766 F.3d at 377, there is ample evidence showing that Arif knowingly and voluntarily joined in a conspiracy to unlawfully distribute and dispense controlled substances not for a legitimate purpose and outside the course of professional practice.  *See Oti*, 872 F.3d at 686-89.

As to the three substantive counts, we also conclude that the evidence is sufficient to establish Arif's guilt.[1]  "A conviction for aiding and abetting requires proof that the substantive offense occurred and that the defendant (1) associated with the criminal venture; (2) purposefully participated in the crime; and (3) sought by his actions for it to succeed."  *United States v. Daniels*, 930 F.3d 393, 403 (5th Cir. 2019) (internal quotation marks and citation omitted); *see* 18 U.S.C. § 2(a).  "Typically, the same evidence will support both a conspiracy and an aiding and abetting conviction."  *United States v. Scott*, 892 F.3d 791, 799 (5th Cir. 2018) (internal quotation marks omitted).

---

[1] Because we determine that the evidence is sufficient to establish Arif's guilt on the three substantive counts under an aiding and abetting theory, we do not consider the sufficiency of the evidence as to these counts under other theories of criminal liability.

No. 19-20662
c/w No. 21-20120

Here, there was evidence to establish that Arif, who was medically trained, filled out prescription forms for Norco and Soma on the dates in question, that those forms were signed by a doctor who worked at the same clinic, and that these prescriptions were not for a legitimate medical purpose and were issued outside the scope of professional practice.   Because the record is not "devoid of evidence pointing to guilt" and does not "contain[] evidence on a key element of the offense that is so tenuous that a conviction would be shocking," the evidence is sufficient under the applicable standard of review.  *See Vasquez*, 766 F.3d at 377.

AFFIRMED.