# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2022

Lyle W. Cayce
Clerk

No. 21-40534
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

William Randall Brannan,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-77-1

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

A jury convicted William Randall Brannan of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and punishable under 18 U.S.C. § 924(a)(2), (count one); brandishing, discharging, and using a firearm during and in relation to a drug trafficking crime, in violation

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of § 924(c), (count two); and possessing a firearm in furtherance of a drug trafficking crime, also in violation of § 924(c) (count three). Brannan appeals, arguing that the evidence was insufficient to prove that he possessed a firearm in the Eastern District of Texas and that he possessed methamphetamine with intent to distribute.

When the defendant has preserved a challenge to the sufficiency of the evidence by moving for a judgment of acquittal at trial, we review the issue de novo. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013). In order to preserve a challenge to venue, the defendant's motion must be sufficient to alert the district court and the Government that venue is being challenged. *See United States v. Kiekow*, 872 F.3d 236, 243 n.3 (5th Cir. 2017). Venue need only be proven by a preponderance of the evidence. *See United States v. Romans*, 823 F.3d 299, 309 (5th Cir. 2016).

Because Brannan did not specifically challenge venue in his motions for judgments of acquittal, we review his challenge to the sufficiency of the evidence to prove proper venue for plain error, meaning that Brannan must show a clear and obvious error that affected his substantial rights. *United States v. Smith*, 878 F.3d 498, 502-03 (5th Cir. 2017). For insufficient evidence to rise to the level of plain error, there must have been a "manifest miscarriage of justice." *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007) (internal quotations marks and citation omitted).

As to counts one and two, the evidence showed that Brannan visited the home of Jeremiah and Christian Woolard in the Eastern District of Texas and provided the Woolards with methamphetamine. According to the Woolards' testimony and Brannan's police interview, he brandished and discharged a firearm on this occasion. Further, as to count three, the jury, in considering all the evidence presented, reasonably could have inferred that Brannan possessed the firearm in furtherance of a drug trafficking crime in

the Eastern District of Texas in mid-January 2019. Accordingly, he has not shown error, much less a manifest miscarriage of justice. *See Phillips*, 477 F.3d at 219.

Next, Brannan argues that the evidence was insufficient to support his § 924(c) convictions because there was no proof that he intended to distribute the methamphetamine he possessed. He preserved this claim, and our review is de novo. *See United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013). Accordingly, we must determine whether "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc).

The Woolards testified that Brannan asked them to sell methamphetamine for him and that he discharged the firearm at their house after they used methamphetamine that he provided. Jeremiah testified that he gave Brannan a gun in exchange for methamphetamine and $350. Text messages from the Woolards' phones corroborated their statements. In his interview with investigators, Brannan confirmed the Woolards' statements and admitted that he purchased and sold methamphetamine and brought a firearm with him while selling drugs. Further, at trial, federal law enforcement agents testified that drug dealers often used firearms and that the items found in Brannan's car and in a plastic bin labeled with Brannan's nickname in the Woolards' house, including baggies, scales, and other paraphernalia, were indicative of drug trafficking. *See also United States v. Munoz*, 957 F.2d 171, 174 (5th Cir. 1992). Viewing this evidence in a light favorable to the verdict, a reasonable trier of fact could have found the elements of the § 924(c) offenses beyond a reasonable doubt. *See Vargas-Ocampo*, 747 F.3d at 301.

No. 21-40534

AFFIRMED.