# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2022

Lyle W. Cayce
Clerk

No. 21-40510

United States of America,

*Plaintiff—Appellee*,

*versus*

Grigoriy T. Rodonaia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CR-33-1

Before Jolly, Dennis, and Higginson, *Circuit Judges*.

Per Curiam:*

A jury convicted Grigoriy T. Rodonaia of 12 counts of health care fraud, three counts of aggravated identity theft, one count of making a false statement related to health care matters, and two counts of illegal remuneration involving a federal health care program. It acquitted Rodonaia of three counts of health care fraud and one count of aggravated identity

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40510

theft, and after trial, the Government dismissed the two illegal remuneration counts. The district court sentenced Rodonaia to an aggregate of 84 months of imprisonment and three years of supervised release. Rodonaia appealed.

First, Rodonaia challenges the sufficiency of the evidence supporting his convictions for health care fraud, but because he did not move the district court for a judgment of acquittal under Federal Rule of Criminal Procedure 29, we review his sufficiency claim for plain error. *See United States v. Smith*, 878 F.3d 498, 502-03 (5th Cir. 2017). We have reviewed the record and cannot say that it "is devoid of evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be shocking." *United States v. Vasquez*, 766 F.3d 373, 377 (5th Cir. 2014); *see United States v. Ganji*, 880 F.3d 760, 777 (5th Cir. 2018) (describing the proof required for an 18 U.S.C. § 1347 offense); *United States v. Barnes*, 803 F.3d 209, 216 (5th Cir. 2015) (describing the proof required for liability under 18 U.S.C. § 2).

In his second argument, Rodonaia contends that the prosecution committed misconduct on several grounds, all of which we review for plain error because Rodonaia failed to object. *See United States v. Bolton*, 908 F.3d 75, 93 (5th Cir. 2018). First, he asserts that the prosecution fabricated during closing arguments a conversation between Rodonaia and the employee marketer employed by a compounding pharmacy in an effort to form a connection between Rodonaia and the scheme. Even assuming for the sake of argument that this statement was improper, Rodonaia fails to show that it resulted in prejudice to his substantial rights, as other evidence supported an inference of a connection, the jury was cautioned not to treat the lawyers' arguments as evidence, and the strength of the evidence supporting the convictions was otherwise strong. *See United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005).

Next, Rodonaia contends that the Government committed misconduct by prosecuting unfounded charges of illegal remuneration involving a federal health care program. Though the Government dismissed the charges after trial, Rodonaia cites no authority to show that the prosecution of these charges constituted misconduct. Rather, this court has declined to "erect an arbitrary and inflexible *per se* rule" concerning the taint introduced by proceeding with "unfounded counts of an indictment." *United States v. Smith*, No. 92-1612, 1993 WL 346875, at *5 (5th Cir. Aug. 11, 1993) (unpublished yet precedential per 5TH CIR. R. 47.5.3). Thus, Rodonaia has failed to show that any error was plain. *See United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010).

Rodonaia also urges that the Government committed misconduct when the prosecutor told the jury during closing arguments to "do its job" and convict Rodonaia on every count of the indictment. The Government concedes that this statement was improper but contends that Rodonaia cannot establish plain error because there is no indication it affected his substantial rights. We agree. Here, the jury acquitted Rodonaia on some of the charged counts despite the Government's improper statement at argument, "reinforc[ing] [the] conclusion that the prosecutor's remarks did not undermine the jury's ability to view the evidence independently and fairly." *United States v. Young*, 470 U.S. 1, 18 n.15 (1985); *see also United States v. Ebron*, 683 F.3d 105, 147-48 (5th Cir. 2012).

In his third argument, Rodonaia urges that the prosecution of the illegal remuneration counts resulted in a "spillover effect" that tainted the jury's verdicts on the rest of the counts. We have explained that in order to succeed on such a claim, a defendant must show that the evidence was inadmissible and prejudicial. *See United States v. Arledge*, 553 F.3d 881, 896 (5th Cir. 2008); *see also United States v. Edwards*, 303 F.3d 606, 639-40 (5th Cir. 2002). Even assuming *arguendo* that all of the evidence identified by

Rodonaia was inadmissible, Rodonaia has failed to demonstrate prejudice. The health care fraud counts were distinct in both allegations and proof from the illegal remuneration counts. The jury's acquittals on four counts of the indictment "suggest[] that it did not allow any potential bias against [Rodonaia] to sway its verdicts." *Arledge*, 553 F.3d at 896. His briefing also fails to meaningfully address how the inadmissible evidence was prejudicial at trial. Rodonaia therefore "has not identified any instances in which the prosecution inappropriately used the evidence . . . to prejudice or bias the jury." *Id.* (citing FED. R. EVID. 403); *see also* FED. R. EVID. 403 advisory committee's note (defining "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

Fourth, Rodonaia argues that the district court abused its discretion in declining to grant continuances of the trial date in light of his counsel's health, the COVID-19 pandemic, and counsel's resultant inability to prepare for trial. A trial court's decision to grant or deny a continuance is reviewed for abuse of discretion. *United States v. Hopkins*, 916 F.2d 207, 217 (5th Cir. 1990). Rodonaia has failed to show "that the denial resulted in specific and compelling or serious prejudice." *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999) (internal quotation marks and citation omitted). To the extent Rodonaia's arguments present an ineffective assistance of counsel claim, we decline to consider it on direct appeal without prejudice to Rodonaia's ability to assert such a claim on collateral review. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Finally, Rodonaia contends that the district court erred in imposing an 18-level enhancement because his fraud involved between $3.5 and $9.5 million in losses. *See* U.S.S.G. § 2B1.1(b)(1)(J). We review a district court's application of the Guidelines de novo and its findings of fact at sentencing for

clear error. *United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008). A district court's loss calculation is generally a factual finding that we review for clear error. *Id.* at 214. However, we review "*de novo* how the court calculated the loss, because that is an application of the [G]uidelines, which is a question of law." *Id.*

Generally, it is the Government's burden to show by a preponderance of the evidence the amount of loss attributable to fraudulent conduct. *United States v. Nelson*, 732 F.3d 504, 521 (5th Cir. 2013). However, "[w]hen fraud is so pervasive that separating legitimate from fraudulent conduct is not reasonably practicable, the burden shifts to the defendant to make a showing that particular amounts are legitimate." *United States v. Mazkouri*, 945 F.3d 293, 304 (5th Cir. 2019) (internal quotation marks and citation omitted). "In the absence of such evidence from the defendant, the district court may reasonably treat the entire claim for benefits as intended loss." *Id.* (internal quotation marks and citations omitted).

Here, the district court adopted the presentence report's calculations, which held Rodonaia responsible for $6,864,000 in losses. Because the district court also found that the fraud was pervasive, it was Rodonaia's responsibility to rebut that finding. *See id.* Rodonaia did not do so, so he has failed to establish error. *See Klein*, 543 F.3d at 213.

\* \* \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.