# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2023

Lyle W. Cayce
Clerk

No. 21-51065

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE LUIS GARCIA, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1917-1

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Jose Luis Garcia, Jr., on one count of dealing firearms without a license. *See* 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D). The district court varied upward from the guidelines range by eight months and sentenced Garcia to 41 months of imprisonment and three years of supervised release. On appeal, Garcia argues that the evidence was

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51065

insufficient to support his conviction and that his sentence was substantively unreasonable. This court affirms.

The sufficiency-of-the-evidence challenge fails. Garcia concedes that he did not preserve this argument, so our review is for plain error. *United States v. Huntsberry*, 956 F.3d 270, 282 (5th Cir. 2020). Under the plain-error standard, reversal is justified if there was "(1) an error, that was (2) plain, that (3) affected the defendant's substantial rights, and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vasquez*, 677 F.3d 685, 693 (5th Cir. 2012) (per curiam). "[W]e have summarized the plain-error test's application to unpreserved insufficiency claims by stating that the court will reverse only if there is a *manifest miscarriage of justice*." *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (quotation omitted). This occurs where "the record is devoid of evidence pointing to guilt" or where "the evidence is so tenuous that a conviction would be shocking." *United States v. Smith*, 878 F.3d 498, 503 (5th Cir. 2017) (quotation omitted).

Garcia's only developed sufficiency-of-the-evidence challenge on appeal is that the Government failed to prove that he was "engaged in the business" of dealing firearms. *See* 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D). Under the applicable statutory definition, the Government needed to show that Garcia dealt "in firearms as a *regular* course of trade or business to *predominately earn a profit*." *Id.* § 921(a)(21)(C) (emphases added). In an interview with law enforcement, Garcia admitted that he purchased and resold firearms "for profit." In addition, the evidence showed that Garcia dealt in firearms regularly because he (1) purchased and resold a large quantity of firearms over a period of several months, (2) was experienced in buying and selling firearms, (3) was knowledgeable about current prices, and (4) was familiar with laws governing the sale of firearms. Given that the

record is not wholly "devoid of evidence" that Garcia was "engaged in the business" of dealing firearms, his sufficiency-of-the-evidence challenge fails.

Garcia's challenge to the substantive reasonableness of his sentence fares no better. Here, we review for abuse of discretion. *See United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Teuschler*, 689 F.3d 397, 399 (5th Cir. 2012) (quotation omitted). A district court's factual findings are clearly erroneous if, when viewing the record as a whole, we are "left with the definite and firm conviction that a mistake" was made. *United States v. Khan*, 997 F.3d 242, 247 (5th Cir. 2021) (quotation omitted). A sentence outside the guidelines range is substantively unreasonable if it "(1) does not account for a[n] [18 U.S.C. § 3553(a)] factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper [§ 3553(a)] factor, or (3) represents a clear error of judgment in balancing the [§ 3553(a)] factors." *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017) (quotation omitted).

The district court stated that Garcia's sentence was based on (1) its determination that the firearms he purchased were destined for Mexico and (2) the "peculiarly aggravating circumstance" that he committed the offense in a border community. First, the district court did not clearly err in finding that the firearms Garcia bought and sold were destined for Mexico. The evidence showed that Garcia frequently entered the United States, purchased firearms, and returned to Mexico—sometimes all within a few hours. And other evidence showed Garcia inside a store photographing firearms, sending messages with his cell phone, and purchasing multiple identical firearms, which are actions consistent with those of a straw purchaser. Second, the district court did not abuse its discretion by considering the fact that Garcia committed his offense in a border community

No. 21-51065

as an "aggravating circumstance" that warranted an upward variance. This reflects the district court's concern about several of the relevant § 3553(a) factors, including the nature and circumstances of the offense, the need for adequate deterrence, and the need to protect the public. *See Nguyen*, 854 F.3d at 283–84. Given that the district court made no clearly erroneous factual findings and adequately accounted for the relevant § 3553(a) factors in varying Garcia's sentence upward by eight months, it did not abuse its discretion.

AFFIRMED.