# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-40055
Summary Calendar

---

United States Court of Appeals
Fifth Circuit
**FILED**
February 6, 2023
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pedro Estrada-Rodriguez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1863-1

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Pedro Estrada-Rodriguez appeals his conviction following a jury trial for illegal reentry in violation of 8 U.S.C. § 1326. He argues that the district court plainly erred by not instructing the jury that his specific intent to remain in the United States when reentering was an element of the offense and that the evidence was insufficient to support such specific intent.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40055

At trial, Estrada-Rodriguez did not object to the district court's jury instructions or renew his motion for judgment of acquittal at the close of all evidence; accordingly, we review both of his challenges for plain error. *See United States v. Percel*, 553 F.3d 903, 909 (5th Cir. 2008); *United States v. Smith*, 878 F.3d 498, 502-03 (5th Cir. 2017). His contentions are foreclosed by our decisions holding that illegal reentry is not a specific intent crime and is instead a general intent crime requiring the Government to prove merely that the defendant voluntarily reentered the country. *See United States v. Trevino-Martinez*, 86 F.3d 65, 68-69 (5th Cir. 1996); *United States v. Guzman-Ocampo*, 236 F.3d 233, 237-39 (5th Cir. 2000). The district court's jury instructions were therefore not erroneous, and there was ample evidence of guilt on the essential elements that the Government was required to prove. *See Smith*, 878 F.3d at 503; *United States v. Esparza*, 678 F.3d 389, 392 (5th Cir. 2012); *Guzman-Ocampo*, 236 F.3d at 237-39.

AFFIRMED.

2