# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50285
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID ANTONIO ARAMBULA,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-1876-1

———————————————————

Before JOLLY, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

David Antonio Arambula appeals his conviction, following a jury trial, for conspiracy to transport illegal aliens. He argues the evidence was insufficient to support his conviction and that the district court erred by limiting his trial counsel's closing statement.

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50285

We review Arambula's sufficiency claim for plain error, as he did not renew his motion for acquittal at the close of all evidence. *United States v. Smith*, 878 F.3d 498, 502-03 (5th Cir. 2017). In the sufficiency context, to show a clear or obvious error that is correctible on plain error review, Arambula must demonstrate that "the record is devoid of evidence pointing to guilt or the evidence is so tenuous that a conviction would be shocking." *Id.* at 503 (internal quotation marks and citation omitted). Arambula cannot make this showing given the strong circumstantial evidence of his guilt from which the jury could reasonably infer that he agreed to participate in a smuggling conspiracy by driving illegal aliens to a ranch where they would then be able to circumvent the border checkpoint. *See United States v. Jaquez*, 107 F.4th 473, 477 (5th Cir. 2024).

Next, Arambula contends the district court erred by precluding his trial counsel from arguing at closing that the jury should infer that Arambula's statement to law enforcement was exculpatory, based on the Government's decision not to put the statement into evidence. We assume, without deciding, that our review of this issue is for an abuse of discretion. *See United States v. Griffin*, 324 F.3d 330, 361 (5th Cir. 2003); *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). Because Arambula's proposed closing argument sought to "improperly suggest to the jury that inadmissible evidence exists that bears against the [Government's] case," the district court did not abuse its discretion by prohibiting his counsel from making this argument to the jury. *United States v. Vaglica*, 720 F.2d 388, 395 (5th Cir. 1983).

Finally, insofar as Arambula asserts that the district court erred in its evidentiary rulings, he has abandoned any such challenge by failing to identify any error in the district court's rulings or legal analysis. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

2

No. 23-50285

AFFIRMED.