# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2026

Lyle W. Cayce
Clerk

No. 25-30290

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DARRYL FELDER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CR-7-1

Before RICHMAN, DUNCAN, and OLDHAM, *Circuit Judges*.
PER CURIAM:[*]

Appellant Darryl Felder was convicted of attempted persuasion, inducement, enticement, and coercion of a minor in violation of 18 U.S.C. § 2422(b). He appeals his conviction on two grounds, claiming the jury instructions were flawed and the evidence presented at trial was insufficient to sustain his conviction. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30290

I

In January 2023, Special Agent Jared Tauzier participated in an undercover operation aimed at "identify[ing] members of the community that have a sexual interest in children." He created a fake profile for an online dating application called "Pure" to pose as an underage female named Andrea.[1] Once Andrea's account was active, she posted an advertisement on Pure for local members: "Weekend fun starts tonight." The post caused several Pure members to message Andrea, including Felder.

After the two started messaging, Andrea soon disclosed that she was underage. She asked whether Felder would stop talking to her if she revealed her age. Felder replied, "How bout you don't say it and we can just chill"? Andrea continued: "What if [I] am not exactly 18"? "17?" Felder responded. Andrea said she was "good wit that" and asked when Felder wanted to hang out, sending a suggestive photo of what appeared to be her legs.

Felder confirmed he could pick her up that evening, and Andrea said she would hang out "[a]s long as u ok wit me being . . . 15." To avoid being kicked off the adults-only platform, she sent an image of a "15" to convey her age. Undeterred, Felder continued to try enticing Andrea, claiming he had another girl he could hang out with instead and sending two sexually suggestive images. Andrea then gave Felder her number, and the two switched to texting.

Over the next week, Felder aggressively pursued Andrea through increasingly sexual messages. For example, Felder repeatedly alluded to what their future sexual encounter would be like. He sent sexually suggestive images and links to sexually explicit songs. He even suggested that he

_____

[1] For the remainder of the background section, we attribute the undercover actions of Agent Tauzier to the fictional "Andrea."

"play[s] with" his daughter's friends who are about Andrea's age, because "girls your age have the awareness of their body and their desires to make a conscious choice and consent."

Throughout their conversation, Felder acknowledged the illegality of his proposals. In response to Andrea requesting that he not "tell anyone what I say to u," Felder remarked, "Girl why would I? I'm the one that would go to jail." He also repeatedly asked Andrea to send photos to "prove to me you're not a cop or this isn't a setup[.]" She sent four photos during their weeklong conversation, each showing a girl around Andrea's purported age. All the while, Andrea repeatedly reminded Felder that she was fifteen.

Felder agreed to rendezvous with Andrea at a local McDonald's. He warned Andrea again that "[i]f either of us says anything to anyone I'll get in a lot of trouble." That statement proved prescient. When Felder arrived the next day at McDonald's, the police arrested him.

Felder was indicted for attempted persuasion, inducement, enticement, and coercion of a minor in violation of 18 U.S.C. § 2422(b). At trial, the prosecution relied on the testimony of Agent Tauzier and two other agents involved in the surveillance and Felder's arrest, as well as screenshots of Agent Tauzier's communications with Felder. After the prosecution rested, the defense moved for a judgment of acquittal for insufficient evidence under Federal Rule of Criminal Procedure 29, which the district court denied. Felder's defense consisted of testimony from two rebuttal witnesses—Felder and one of his short-term girlfriends. In short, both testified that Felder believed he was roleplaying with Andrea and that she was actually "25 to 35 years old." At the close of evidence, Felder did not renew his Rule 29 motion.

Before deliberations, Felder requested a special jury instruction regarding the *actus reus* verbs in § 2422(b)—persuade, induce, entice,

coerce—claiming they require the defendant to act "with the intent to transform or overcome the will of a minor." The district court denied this request, and overruled Felder's objections. Instead, the court gave the Fifth Circuit's pattern jury instructions. The jury convicted Felder. He appeals.

## II

We generally review jury instructions for abuse of discretion, subject to harmless-error review. *United States v. Capistrano*, 74 F.4th 756, 769 (5th Cir. 2023). The standard of review for sufficiency-of-evidence claims depends on whether the claim was preserved. *Id.* at 766. To preserve a sufficiency-of-the-evidence claim, a defendant must move for judgment of acquittal after all the evidence has been presented. *United States v. Buchanan*, 485 F.3d 274, 283 (5th Cir. 2007). When the defendant presents evidence, he forfeits his challenge if he fails to renew his motion at the close of all the evidence. *United States v. Yusuf*, 57 F.4th 440, 444 (5th Cir. 2023). Because Felder failed to renew his motion after all the evidence was presented, he failed to preserve this claim, and we review it for plain error. *United States v. Delgado*, 672 F.3d 320, 328 (5th Cir. 2012) (en banc).

## III

### A

We begin with Felder's claim that the district court abused its discretion by denying his special jury charge.

"A court abuses its discretion when it refuses to adopt a defendant's suggested jury instruction that is (1) substantively correct, (2) not substantially covered in the jury charge, and (3) concerns an important point in the trial so that the failure to give it seriously impairs the defendant's ability to present effectively a particular defense." *United States v. Uhlenbrock*, 125 F.4th 217, 228 (5th Cir. 2024) (internal quotations omitted).

No. 25-30290

That said, a district court's use of pattern jury instructions in this circuit provides a "safe harbor." *United States v. Cessa*, 856 F.3d 370, 377 (5th Cir. 2017). When the instruction tracks this circuit's pattern jury instruction, we "need only determine whether the charge is a correct statement of the law." *United States v. Richardson*, 676 F.3d 491, 507 (5th Cir. 2012).

Such is the case here. The district court gave the Fifth Circuit's pattern jury instructions for § 2422(b). *See* Fifth Circuit Pattern Jury Instruction (Criminal Cases) § 2.93 (2024) (Enticement of a Minor). We have affirmed the use of these pattern instructions before. *See United States v. Peterson*, 977 F.3d 381, 391–92 (5th Cir. 2020). And those instructions track the statutory language nearly verbatim.[2] Our pattern jury charge is therefore "a correct statement of law," and the district court did not abuse its discretion by denying Felder's requested instruction.[3]

B

We turn to Felder's claim that the prosecution's evidence at trial was insufficient to support his conviction. Felder challenges only one element of his conviction—his knowledge that Andrea was a minor. He argues that "no reasonabl[e] trier of fact could find that [he] genuinely believed he was attempting to persuade an actual minor rather than engaging in consensual role-play with a willing adult participant."

---

[2] *Compare* 18 U.S.C. § 2422(b), *with* Fifth Circuit Pattern Jury Instruction (Criminal Cases) § 2.93 (2024).

[3] The "transform or overcome the will of a minor" instruction that Felder proposed at trial comes from the D.C. Circuit's interpretation of § 2422(b) in *United States v. Hite*, 769 F.3d 1154 (D.C. Cir. 2014). In that case, the court considered the instruction appropriate for the scenario "where an adult intermediary is involved." *Id.* at 1164. We do not have that situation here, however, and so we need not consider whether such an instruction would be appropriate.

5

Under plain-error review, a defendant must show that (1) there was an error; (2) the error was clear or obvious (plain); (3) the error affected his substantial rights; and that (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Delgado*, 672 F.3d at 328 (citation modified). For unpreserved sufficiency claims, plain-error review is "doubly difficult." *Yusuf*, 57 F.4th at 445. In effect, the second prong requires that "the record [be] *devoid of evidence* pointing to guilt." *Ibid.* (quoting *Delgado*, 672 F.3d at 331). Indeed, the presented evidence must be "completely, obviously, and unbelievably inadequate [such] that allowing the verdict to stand would be a 'shocking' and 'manifest miscarriage of justice.'" *Ibid.* (quoting *United States v. Smith*, 878 F.3d 498, 503 (5th Cir. 2017)).

Felder cannot come close to meeting that high standard because an abundance of evidence points to his guilt. At the outset, Andrea told Felder that she was a fifteen-year-old minor. She repeated her age frequently as they texted over the next week. And the photos she sent Felder matched Andrea's purported age. Felder believed Andrea because he noted he could "get in a lot of trouble" or even "go to jail" if anyone found out. Felder's internet search history also shows that he believed Andrea was a minor. A few of those searches include "Walker High School cheerleader Andrea," "andrea walker high cheer," and "andrea denham springs 15."

All of Felder's communications with Andrea—nearly 100 pages worth—were submitted to the jury along with Agent Tauzier's testimony. All of Felder's messages support that he believed Andrea was a minor. Conspicuously absent from those messages and from Felder's post-arrest interview is any mention of roleplaying. Nor did Felder ever suggest when messaging Andrea that he believed she was older than she portrayed. Thus, the record is replete with—not devoid of—evidence that Felder knew Andrea was a minor. The jury did not plainly err when it concluded the same.

No. 25-30290

IV

Felder's conviction is AFFIRMED.